George v. State.

ALONZO GEORGE, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. Witnesses: CROSS-EXAMINATION. When a witness is cross-examined on a matter collateral to the issue, he cannot, as to his answer, be subsequently contradicted by the party putting the question. 1 Whart. Ev., § 559.

2. ——: ——. The test of whether a fact inquired of in cross-examination is collateral, is, would the cross-examining party be entitled to prove it as a part of his case tending to establish his plea? Id.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*Redick & Redick*, for plaintiff in error.

*Isaac Powers, Jr., Attorney General,* for the State.

COBB, CH. J.

The plaintiff in error was tried and convicted at the February term, 1884, of the district court of Douglas county. The indictment contained two counts. The first charging the plaintiff in error with having, on the 19th day of November, 1883, stolen from the person of one Louis Brown the sum of seventy dollars. The second count charges him with, at the date aforesaid, assaulting the said Louis Brown with intent to steal from the person of said Brown the sum of seventy dollars. The jury found him not guilty upon the first count, and guilty under the second count. Being sentenced to six years in the penitentiary, he brings the cause to this court on error.

There are two points insisted upon:

1. That the verdict is not sustained by the evidence and is contrary to law; and,

3. For errors of law occurring at the trial.

The second, fourth, and fifth grounds of error assigned in the petition in error are substantially abandoned in the brief, and were not insisted upon at the hearing. They will therefore not be further noticed; nor will the first point, further than to say that whatever might be my opinion as to whether or not the verdict is sustained by the evidence, having reached the conclusion that there must be a new trial for the causes assigned under the third head, it is deemed unadvisable to make any comment on the evidence.

On the trial the prisoner was sworn as a witness on his own behalf. Upon his cross-examination the district attorney put the following question to him:

Q. Did you approach this girl and another girl by the name of Mamy and a gentleman with them, these three sitting at a table down in the Tivoli garden, last August, and say to Mamy in the hearing of this girl referred to:

This feller has got money, come and get into the hack, and I will drive you out, and we will have a chance to get it, or fix him, or anything of that sort?

The witness answered, "No, sir."

After the defense rested, the district attorney on the part of the state recalled Frankie Driscoll, a witness who had been previously sworn and examined on the part of the state, she being the person referred to in the foregoing question as "this girl," and put the following question to her. I quote from the bill of exceptions:

Q. Do you recollect one night last August of seeing Lon George down at the Tivoli garden?

Objected to as immaterial and improper rebutting testimony and leading. Overruled and defendant excepts.

A. Yes, sir.

Q. Who were you with?

A. I was alone.

Q. Who did you see there with Lon George, or did Lon George speak to you?

A. No, sir.

Q. Who were you sitting with when he came up?

Objected to as improper. Overruled. Defendant excepts.

A. He was not talking to me, but a girl sitting on the same bench that I was on one side, and a gentleman was sitting on the other side of the table.

Q. What is her name?

A. Mamy.

Q. What did Lon say to Mamy in your presence?

A. He said this man has got money, and if you will get a hack, and go out to the road house we will fix him all right.

It will be borne in mind that the alleged robbery for which accused was being tried occurred on the 19th day of November, and this meeting of which witness was interrogated was claimed to have occurred in the month of Au-

gust preceding. Anything about the latter circumstance was therefore a collateral matter in the trial. It cannot be claimed that the district attorney could have been permitted to ask of a witness on the part of the state on his direct examination the question that he was permitted to ask the accused on his cross-examination. It would have been open to almost every objection which lies to any question in any case. And this is the test. If the question put to a witness on the part of the state on his direct examination would have been objectionable as being no part of the state's case, then it is collateral and the party asking it is bound by the answer, and will not be permitted to call another witness to contradict him. See Wharton's Law of Evidence, vol. 1, § 559, and forty cases there cited, constituting the whole current of authorities from 7 East., to 1 Texas Court of Appeals, and I don't think that a single case can be found holding to the contrary.

And this testimony was highly prejudicial to the plaintiff in error in fact. But I do not enlarge upon that as I desire to put this decision and opinion squarely on the law, as I think it has been universally understood and settled for ages.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.