[L. A. No. 1625.   Department One.—January 17, 1905.]

WESTERN UNION OIL COMPANY, Appellant, v. JO-
SEPH and CHARLES NEWLOVE, Executors, etc.,
et al., Respondents.

QUIETING TITLE—BOUNDARY — PRACTICAL LOCATION — AGREED FENCE—
FINDINGS—COMMON BOUNDARY.—In an action to quiet title to a
strip of land involving the location of a boundary, findings for the
defendant as to the practical location thereof by an agreed fence
are not inconsistent with a finding that the two tracts have a com-
mon boundary, the location of which is not found otherwise than
as may be inferred from the practical location, which would con-
trol, even if the true line as originally existing were referred to as
the common boundary.

ID.—SUPPORT OF EVIDENCE—LEGAL CONCLUSIONS—LACHES OF PLAINTIFF
—ESTOPPEL.—Where the findings as to practical location by the
agreed fence are supported by the evidence, and are sufficient to
support the judgment for the defendant, findings which are mere
legal conclusions from the practical location, as to the laches and
estoppel of the owner under whom plaintiff claims, are immaterial,
and need not be supported by the evidence.

ID.—EVIDENCE—DECLARATIONS OF OWNER IN HIS OWN FAVOR.—Evi-
dence of the declarations of the lessor under whom plaintiff claims
as owner, made in his own favor, was properly excluded.

ID.—TESTIMONY OF OWNER — IMPEACHING EVIDENCE — CONTRADICTORY
STATEMENTS.—Where the owner under whom plaintiff claims had
testified in brief that the fence was put up by him on his own land
for his own convenience, and not as a boundary, and that there was
no agreement in reference to it, it was proper to ask him if he had
not at other times made statements inconsistent with his present
testimony, the proper foundation being laid therefor, and if he
denies them, evidence to show the contrary is clearly competent.

ID.—TEST OF CONTRADICTORY STATEMENTS.—The test of the admissibil-
ity of contradictory statements is whether the matters sought to
be contradicted are material or immaterial.

ID.—STATEMENTS AFTER LEASE.—Where the testimony sought to be im-
peached was material the fact that the contradictory statements were
made by the owner after a lease to plaintiff's assignor does not
render them immaterial.

ID.—INSUFFICIENT FOUNDATION FOR IMPEACHMENT — STATEMENTS NOT
RELATED TO WITNESS — IMMATERIAL ERROR.—Where the contra-
dictory statements to which the testimony of an impeaching witness
referred were not related to the witness sought to be impeached the
statements were inadmissible, but where the testimony was allowed

"subject to the same objection, ruling, and exception" as former impeaching evidence of the same character properly admitted from another witness, and the defect was not urged by counsel, and probably escaped the notice of the court, and the denial of the admissible statements indicated that the other statements would have been denied if properly related to the witness, the error is immaterial.

APPEAL from an order of the Superior Court of Santa Barbara County denying a new trial.   J. W. Taggart, Judge.

The facts are stated in the opinion.

Bicknell, Gibson & Trask, Dunn & Crutcher, and Canfield & Starbuck, for Appellant.

B. F. Thomas, for Respondents.

SMITH, C.—This is a suit to quiet title to a strip of land containing 54.97 acres, described in the complaint. Defendants had judgment, and plaintiff appeals from the order denying its motion for a new trial.   The plaintiff, under a lease from Careaga to its assignor of date March 14, 1900, is lessee for a term of years of a tract of land owned by Careaga since about the year 1882.   The defendants are the executors, widow, and devisees of John Newlove, deceased, who became the owner of the tract adjoining the Careaga tract on the north about the year 1880.

There is a fence on or near the common boundary between the two tracts, which was erected by Careaga in 1888.   But it is claimed by the plaintiff that the true boundary is from 2.80 to 3.44 chains to the northward; and the land in controversy is the strip lying between this line and the fence.

It is claimed by defendants in their answer that in the year 1888, there being some controversy about the boundary, there was an agreement between Newlove and Careaga fixing the line where the fence was shortly afterward erected by the latter, and that this fence has ever since been acquiesced in by the owners of both tracts as the boundary.   It is also claimed that it was part of the agreement that Newlove upon inclosing his land should pay half the cost of the fence; and accordingly the agreed one half value of the fence, two hundred and fifty dollars, was in the year 1898 paid to and accepted by Careaga.

On the issues thus raised the findings of the court are for the defendants. The court also finds ''that plaintiff's alleged cause of action is barred by laches''; and ''that plaintiff is estopped from claiming that said fence-line is not the dividing-line between the said lands in which it has an estate for years and the lands of defendants.''

The points urged by appellant's counsel are: 1. That the court erred in ruling that Careaga could be examined as to statements made by him as to witnesses Tunnell and Martin subsequently to the date of Careaga's lease to plaintiff's assignor, and also in permitting Tunnell and Martin to testify to such declarations; 2. That the court also erred in excluding the declarations of Careaga in his own favor concerning the boundary of the Careaga ranch; 3. That the evidence was insufficient to justify the finding as to laches, or (4) as to estoppel; and 5. That the third finding conflicts with the findings from the fourth to the eleventh.

But with regard to the last objection, we do not see that this is the case. Findings 4 to 11 are the findings as to the practical location of the land by the parties in 1888. The third finding is simply to the effect that the two tracts have a common boundary, but the location of that boundary is not found otherwise than as it may be inferred from the practical location. Nor were it otherwise would the conflict be material, as the necessary effect of a practical location ·is in general to establish a different line from the true line as originally existing.

Nor are the findings as to estoppel and laches of any materiality. Presumably they are merely legal conclusions from the findings as to practical location. Otherwise, there would be no evidence to support them. But they may be stricken out without affecting the judgment, which is fully supported by the findings as to practical location. (*Dierssen* v. *Nelson,* 138 Cal. 397, 398; *Cavanaugh* v. *Jackson,* 91 Cal. 583; *Burris* v. *Fitch,* 76 Cal. 398; *Helm* v. *Wilson,*·76 Cal. 485;-*White* v. *Spreckels,* 75 Cal. 616; *Columbet* v. *Pacheco,* 48 Cal. 397; *Cooper* v. *Vierra,* 59 Cal. 283; *Sneed* v. *Osborn,* 25 Cal. 626 et seq.)

The objection to Careaga's declarations in his own favor were also rightly sustained. (Code Civ. Proc., secs. 1849-1853; *Williams* v. *Harter,* 121 Cal. 52; *Taylor* v. *McConigle,* 120

Cal. 126-127; *People* v. *Blake,* 60 Cal. 510-511; dissenting opinion of McKee, J.; *Fischer* v. *Bergson,* 49 Cal. 297.)

This leaves us to consider only appellant's first point; which, however, involves several points which will require separate consideration. As to the questions to Careaga, we do not doubt they were admissible. Careaga had testified on his examination in chief that the fence was put up by him on his own land for his own convenience, and not as a boundary fence; and also that there was no agreement with reference to it. It was therefore competent to ask him whether he had not made at other times statements inconsistent with his present testimony. (Code Civ. Proc., sec. 2052.) As to the testimony of Martin, that also was admissible. Careaga had been asked specifically as to the statements to which Martin testified and had denied making them. The evidence was therefore clearly competent under the provisions of the section of the code cited above. It is indeed urged that where a witness is questioned as to a collateral matter his answer must be taken as conclusive, and that evidence to contradict it is not admissible; and it is claimed that the test of materiality is as stated in the case of *George* v. *State,* 16 Neb. 321, where it is said: "If the question put to a witness on the part of the state on his direct examination would have been objectionable as being no part of the state's case, then it is collateral, and the party asking it is bound by the answer and will not be permitted to cause another witness to contradict it." In applying this it is argued that Careaga's declarations, having been made after the date of the lease to plaintiff's assignor, were inadmissible, and therefore could not be proven. But the decision does not support this position; it refers to the original statements of the witness on his direct examination, which were material. So that the real test is whether "the matters sought to be contradicted were immaterial." (*Lake Erie etc. Co.* v. *Morian,* 140 Ill. 122; *Attorney-General* v. *Hitchcock,* 1 Ex. 99.)

But with regard to the witness Tunnell a serious question is presented. All that was asked Careaga with reference to him was whether he had a conversation at a time and place mentioned with Tunnell "in regard to the building of that fence to which you have referred in your direct examination"; and the statements to which Tunnell's testimony refers were not

related to him. These statements were therefore inadmissible, and the evidence having been objected to on the ground that sufficient foundation had not been made, their admission was error. (Code Civ. Proc., sec. 2052.) But this defect in the testimony of Tunnell is not urged by counsel, and probably escaped the attention of the court. The witness Martin had been previously examined and his testimony had been "objected to as incompetent, irrelevant, and immaterial, and also on the ground that sufficient foundation had not been laid"; and objection had been overruled and exception taken. But upon examination of Tunnell we find nothing as to the ruling of the court except the statement of plaintiff's attorney that the evidence was "subject to the same objection, ruling, and exception." This perhaps we may assume was assented to by the court; but it seems clear that the testimony of both witnesses was put in the same category by the plaintiff's attorney; and the court therefore could not be expected to observe the distinction. Also the statements made to Martin and Tunnell were in effect the same, and Careaga's denial of the former necessarily indicated that he would have denied the latter had the statement related to him. The error therefore, we think, was immaterial.

We advise that the order appealed from be affirmed.

Gray, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.