(June 13, 1911.)

R. L. HILBERT, Respondent, v. SPOKANE INTERNATIONAL RAILROAD COMPANY, Appellant.

[116 Pac. 1116.]

SUFFICIENCY OF EVIDENCE—ADMISSION OF EVIDENCE—STATEMENT BY SECTION FOREMAN—STATEMENTS BY STATION AGENT—ADMISSIBILITY OF STATEMENTS—IMPEACHING WITNESS—MATERIALITY OF IMPEACHING QUESTION—SETTING FIRES—STATEMENT BY THIRD PARTY OF CAUSE OF FIRE—GIVING INSTRUCTIONS—SENDING INSTRUCTIONS TO JURY-ROOM.

(Syllabus by the court.)

1. Sufficiency of evidence to support verdict and judgment commented upon, but question as to whether or not it presents a substantial conflict not decided.

2. Where a section foreman for a railroad company is charged with the duty of making written reports to his employer as to fires occurring along the track or line of road within his section, and as to the cause of such fires, *held,* that where one is prosecuting an action against the railroad company for carelessly and negligently setting a fire whereby he was damaged, it is not error for the court to admit a report made by the section foreman as to the time, place and circumstances of such fire.

3. The true rule with reference to the admission of statements and reports made by employees of a corporation is: If the employee makes a report which falls within the line of his duties, and which is required of him by the terms or nature of his employment, then such statement or report is admissible on behalf of a person adversely interested or whose interest is affected by or involved in the statement of facts contained in such report or statement; if, on the other hand, the statement made by the employee concerns a matter outside of the line of his employment and concerning which he was not charged with any duty, a statement made by him concerning such matter is not admissible in evidence against his employer.

4. Statements made by station agent as to the cause of fire which started in timber along the railroad track or right of way, and as to the particular engine which probably set the fire, are admissible against the company in an action prosecuted against the company for the recovery of damages caused by a fire set along or near the company's road and right of way.

5. A witness may be impeached by showing that he has made at other times statements inconsistent with his present testimony, but before such contradictory statements may be shown, the proper foundation must be laid therefor in compliance with the provisions of sec. 6083 of the Rev. Codes.

6. A witness can only be impeached by proof of contradictory statements with reference to some fact which becomes material in the case.

7. In an action prosecuted against a railroad company for carelessly and negligently setting fire along the line of its track and right of way, whereby the plaintiff was damaged by the destruction of his growing timber, it is not admissible to prove the statements of a third party made at the time the fire was raging, which statements tended to show that someone else had set the fire, and that it was not started by the railroad company.

8. Under the provisions of subd. 4 of sec. 4383, Rev. Codes, it is the duty of the court to send all written instructions to the jury-room for the use of the jury in considering the case, unless one of the parties to the action makes objection to the giving of written instructions, as provided by subd. 6 of sec. 4383, in which event the court must charge the jury in accordance with the provisions of secs. 4384 and 4385, unless the parties consent to the giving of oral instructions as provided by subd. 7 of sec. 4383, Rev. Codes.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.    Hon. Robert N. Dunn, Judge.

Action by plaintiff to recover damages from the defendant caused by the careless and negligent setting of fire. Judgment for the plaintiff, and defendant appealed. *Reversed.*

Allen & Allen and Whitla & Nelson, for Appellant.

"In an action to recover damages for loss occasioned by railroad fires, it devolves on the plaintiff to prove by a preponderance of the evidence that the fire was communicated by sparks or cinders from the railroad engine." (*Union Pac. Ry. Co. v. Keller,* 36 Neb. 189, 54 N. W. 420; *Stratton v. U. R. R. Co.,* 7 Colo. App. 126, 42 Pac. 602; *Peffer v. Mo. Pac. Ry. Co.,* 98 Mo. App. 291, 71 S. W. 1073.)

The courts have held in cases where the evidence was very much stronger than in this case that it was insufficient to justify a verdict for plaintiff. (*L. & N. R. Co. v. Mitchell,* 17 Ky. L. 977, 29 S. W. 860; *Megow v. C. M. & St. P. Ry. Co.,* 86 Wis. 466, 56 N. W. 1099; *Lake Erie & W. R. Co. v. Gossard,* 14 Ind. App. 244, 42 N. E. 818; *Cyle v. Denver R. G. R. Co.,* 37 Colo. 298, 86 Pac. 1010; *International & G. R. Co. v. Morgan,* 28 Tex. Civ. App. 348, 67 S. W. 425.)

The admission in evidence of Plaintiff's Exhibit "A," which was an alleged statement or admission of defendant's agent Travers, is reversible error. A statement of an agent or employee such as a section foreman is not admissible to bind the defendant, and it makes no difference whether this admission be verbal or in writing. (*A. T. & S. F. Ry. Co. v. Osburn,* 58 Kan. 768, 51 Pac. 286; *Union Pac. Ry. Co. v. Fray,* 35 Kan. 700, 12 Pac. 98; *Tennis v. Railway Co.,* 45 Kan. 503, 25 Pac. 876; *A. L. & S. F. Ry. Co. v. Wilkinson,* 55 Kan. 83, 39 Pac. 1043; 16 Cyc. 1214.)

The court erred in refusing to allow admissions made by Mrs. Travers at the time of the fire, as these actually were a part of the *res gestae,* simultaneous with the beginning of the fire and showing exactly the cause of the same. (*State v. Kaiser,* 124 Mo. 651, 28 S. W. 182.) This is even the rule in criminal cases. (*State v. Desroches,* 48 La. Ann. 428, 19 So. 250; *Sullivan v. State* (Miss.), 32 So. 2.)

The alleged admissions or declarations of the station agent were not admissible as proof of the plaintiff's case, and therefore they are a collateral matter upon which impeachment will not lie.   (*Shephard v. State*, 88 Wis. 185, 59 N. W. 449; *People v. Webb*, 70 Cal. 120, 11 Pac. 509; *Wojtylak v. K. & T. Coal Co.*, 188 Mo. 260, 87 S. W. 506; *State v. Davidson*, 9 S. D. 564, 70 N. W. 879.)

McBee & La Veine, for Respondent.

The trial judge did his duty, and his action was proper in refusing to grant a new trial.   (*Walsh v. Winston Bros.*, 18 Ida. 768, 111 Pac. 1090.)

It is a well-established rule of this court that when there is a substantial conflict in the evidence, the findings and verdict of the jury will not be disturbed.   (*Eaves v. Sheppard*, 17 Ida. 268, 134 Am. St. 256, 105 Pac. 407; *Edmondson v. Taylor*, 17 Ida. 618, 106 Pac. 991; *Valley L. Co. v. Mc-Gilvery*, 16 Ida. 338, 101 Pac. 94; *Lamb v. Licey*, 16 Ida. 664, 102 Pac. 378; *Just v. Ida. C. & I. Co.*, 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381, *Leggett v. Evans*, 16 Ida. 760, 102 Pac. 486; *Church v. Van Housen*, 15 Ida. 249, 97 Pac. 36; *Whitney v. Woodmansee*, 15 Ida. 735, 99 Pac. 968; *Later v. Haywood*, 15 Ida. 716, 99 Pac. 828; *Buckle v. Mc-Conaghy*, 12 Ida. 733, 88 Pac. 100.)

The rebutting evidence of the appellant was not sufficiently clear to warrant the trial court in taking the case from the jury.   (*McCullen v. Chicago & N. W. Ry. Co.*, 101 Fed. 66, 41 C. C. A. 365, 49 L. R. A. 642; *Minn. St. P. & S. S. M. Ry. Co. v. Emerson*, 80 Fed. 993, 26 C. C. A. 296.)

AILSHIE, Presiding J.—This action was instituted by the plaintiff for the recovery of damages sustained in the loss of growing timber.   It was alleged by the plaintiff that the defendant railroad company carelessly and negligently maintained and operated locomotive engines which were not sufficiently and properly supplied with spark-arresters and appliances which prevent the escape of fire, and by reason of such neglect and failure to perform its duties it set fire

on plaintiff's lands and burned off a large body of timber. Judgment and verdict were rendered and entered for the plaintiff, and defendant moved for a new trial and has appealed from the judgment and order denying its motion.

Numerous errors have been assigned, but they are properly divisible into two groups; first, the insufficiency of the evidence to support the verdict and judgment, and, second, errors committed by the court in the admission and rejection of evidence.

An examination of the whole record in this case convinces us that a new trial ought to be had in this case. In the first place, there is a very serious and grave doubt if there is substantial evidence to support the verdict. A great deal of evidence was introduced tending to show that the fire was not set by the railroad company or from its locomotives, but that it was rather started by one A. C. Travers, who lived near the railroad track and also close by the plaintiff's premises. It appears from the evidence of several witnesses that he had been burning brush and stumps and clearing land about his house and that the fire started from this cause. In view, however, of the fact that this case must be retried and that such errors occurred in the former trial as to necessitate a new trial, we are not going to reverse the case for insufficiency of the evidence, nor are we going to make further comment on the sufficiency of the evidence.

Since this case must be tried again, it will be necessary for us to consider such rulings of the court on the admission and rejection of evidence as are likely to arise upon a new trial. A. C. Travers was the section foreman over that portion of appellant's road along which this fire started. It seems that shortly after the fire he made what is termed a "fire report" to the company, which report is as follows: "On the first day of August, about 1:45 P. M., a fire started 4 Tel. poles east of M. Post 43. Cause of fire unknown. Heavy wind from S. West. Fire beyond control when we got here at 2 P. M. Respectfully, A. C. Travers." The plaintiff procured a copy of this report, and on the trial of the case offered it in evidence, and it was admitted over the

objection of the defendant. This ruling of the court is assigned as error. It is now argued that statements and admissions of an employee are not admissible to bind the railroad company. In this case, it seems that the statement made by the section foreman was a report required of him in the discharge of the duties about which he was employed. If that is true, as it appears to be from the record, then the statement was admissible. The true rule, as we understand it to be, is this: That if an employee of a corporation makes a report which falls within the line of his duties and which is required of him by the terms or nature of his employment, then such statement or report is admissible on behalf of a person adversely interested or whose interest is affected by or involved in the report or statement. If, on the other hand, the statement made by the employee concerns a matter outside of the line of his employment and with which he has nothing to do, it is not admissible. In other words, the law of principal and agent applies. Had Travers been present in court, he might have been used as a witness by either party to testify to any fact concerning this fire that was within his knowledge. He was not produced, however, but the plaintiff who was seeking to recover a judgment against the company produced a copy of the report made by this employee and which report appears to have been made in the line of his duty and in compliance with the instructions he had from his employer. Under such circumstances, there was no error in the admission of the report.

In this same connection it is well enough to consider the evidence that was admitted as to statements made by Monroe Bailey, the depot agent at Athol, which was the station near which this fire occurred. He was asked while on the witness-stand if he had not made statements soon after the fire as to the engine which had caused the fire. He denied making any such statement. Counsel then asked substantially the same questions on the theory of laying a foundation for impeaching the witness, and thereafter asked certain witnesses if Bailey had not at a certain time and place made statements that the fire was set by a certain numbered engine belonging to

the appellant company. These statements were not admissible, for the reason above stated. It does not appear to have been any part of the duty of the station agent to make reports as to fires or the causes of fires occurring along the company's track. On the other hand, these were merely oral statements not made to the agent's employer or principal but to third persons, and do not purport to have been made in the line of the agent's duty. Under such circumstances, they could not be admitted as evidence against the company. If this witness knew any fact relative to the fire, he was competent to testify concerning the same; and under sec. 6083, Rev. Codes, the party producing the witness might contradict him on any material fact by showing that he had made statements of fact at other times inconsistent with the testimony which he gave on the witness-stand. (*State v. Fowler*, 13 Ida. 322, 89 Pac. 757.) It is gross error and subversive of substantial justice to allow a party to litigation to introduce *ex parte* and extrajudicial statements not made in the presence or by the authority of the party to be bound, and it is equally erroneous to allow such questions to be asked by way of laying the foundation for impeaching the witness. Witnesses can only be impeached by proof of contradictory statements of a material fact. (*W. U. Oil Co. v. Newlove*, 145 Cal. 772, 79 Pac. 542; *State v. Deal*, 41 Or. 437, 70 Pac. 532; 7 Ency. of Ev. 75, note, 15 Am. Dec. 99.)

While the fire was raging through the forest near the Travers home, one Mrs. Noble called at the Travers residence and had a conversation with Mrs. Travers concerning the fire. Mrs. Noble was introduced as a witness and the defendant offered to prove by her that at the time of this conversation, and while the fire was at its worst, Mrs. Travers was complaining of her husband going off and leaving the fire burning; that she said he had had a fire out burning some brush and that he went off and left it, and that she was fearful that it might get out and do damage and cause them trouble. The court excluded this evidence and the appellant now assigns the ruling as error. There was clearly no error in excluding this proffered evidence. Mrs. Travers was not a party

to the action; none of the parties to the action were present when the statement was made, and it would have been clearly erroneous to admit such statements in evidence. Mrs. Travers would have been a proper witness in the case by whom to prove the origin of the fire. If, in fact, her husband started the fire and that was the fire that burned on to the respondent's premises and did the damage, it would certainly have afforded the appellant a defense in this action. In other words, the appellant would not be responsible if it did not set the fire which caused the damage. It was not competent, however, to introduce hearsay statements and not give the adverse party an opportunity to cross-examine the person making the statements.

Several errors are assigned against the ruling of the court in permitting answers to what purport to be impeaching questions. The objection made to these questions was that the proper foundation had not been laid for the same. Counsel fail to call our attention to the folio of the record which discloses the proceedings in this respect, and we are not advised by the briefs as to whether the proper foundation was laid for such impeaching questions, and we shall not go through the entire record to find if this was done. There ought, however, to be no difficulty about determining whether the proper foundation has been laid for an impeaching question, under the provisions of sec. 6083, Rev. Codes. This statute is very clear and explicit and its requirements must be complied with before an impeaching question may be put.

We find no error in the other rulings of the court in the admission and rejection of evidence.

This brings us to the last assignment of error. After all the evidence had been submitted to the jury and both sides had rested, the record shows the following proceedings were had:

"By agreement of counsel the instructions were given to the jury prior to the argument of counsel on the case, and the following proceedings were had:

"The defendant requested that the written instructions in this action be sent to the jury-room, to which request plain-

tiff's counsel objected and for his objection relied upon subdivision 6, sec. 4383 of the Revised Codes.

"Court: I believe under the construction of the statute which I give it, they could properly be sent, but I will sustain the objection. That will afford an opportunity of raising the point as well as the other; to which ruling of the court defendant by counsel then and there duly excepted and its exception was allowed."

Appellant now assigns the ruling of the court in refusing to send the instructions to the jury-room as error. Sec. 4383, Rev. Codes, provides, *inter alia,* as follows:

"When the jury has been sworn, the trial must proceed in the following order unless the judge for special reasons otherwise directs: . . . .

"4. When the evidence is concluded and before the case is argued or submitted to the jury, either party may request the court to give to the jury instructions in writing on the law arising in the cause, which shall be given or refused as asked: Provided, that the court may also give other and further written instructions of its own motion. All of the written instructions given shall be carried by the jury to their room for their guidance in arriving at a correct verdict according to the law and the evidence. The instructions shall then be read to the jury by the court, and, unless the case is submitted to the jury without argument, the plaintiff must commence and may conclude the argument. . . . .

"6. If either party objects to the giving of written instructions and permitting the jury to take them to their room as provided in the fourth subdivision of this section, then instead thereof the course of procedure shall be as follows: The court may then charge the jury, according to the provisions of sections 4384 and 4385."

It will be noted from the foregoing that "all of the written instructions given shall be carried by the jury to their room for their guidance in arriving at a correct verdict according to the law and the evidence."

Under subd. 6 of this section, a party who does not want the instructions taken to the jury-room must object "to the

giving of written instructions and permitting the jury to take them to their room.'' In other words, the mere objection to taking written instructions to the jury-room is of no avail unless you first object to the giving of written instructions. In the event of such an objection being made, the court must charge the jury in accordance with the provisions of secs. 4384 and 4385. It is also provided by subd. 7 of sec. 4383 that ''with the consent of the parties to any suit on trial before a jury, the court may give his charge to the jury orally, the same to be taken down by the court reporter.'' It thus appears from a consideration of the several provisions of secs. 4383, 4384 and 4385, first, that all written instructions given must be sent to the jury-room unless one of the parties to the action objects to the giving of written instructions; second, that if an objection is made to the giving of written instructions, the instructions must then be given in accordance with the provisions of secs. 4384 and 4385, unless the parties *consent* to the giving of oral instructions, in which latter event subd. 7 of sec. 4383 provides the procedure.

In the case at bar, there was no consent to the giving of oral instructions, and it does not appear that any oral instructions were given. The record does not positively say that the instructions were in writing, but the request of the defendant was that ''the written instructions in this case be sent to the jury-room.'' The request implies that the instructions were in writing. The ruling of the court indicates that they were in writing and that he was of the opinion that he could send them to the jury-room. The plaintiff objected to the instructions going to the jury-room, but did not make any objection to written instructions. It would seem from the entire proceeding in the case that the instructions were given in writing and that they should have been sent to the jury-room under the provisions of subd. 4, sec. 4385.

The judgment will be *reversed,* and a new trial is ordered. Costs awarded in favor of appellant.

Sullivan, J., concurs.