**KELLOGG et v INDUSTRIAL COMM**

Ohio Appeals, 1st Dist, Hamilton Co

No 5435. Decided June 6, 1938

Davies, Hoover & Beall, Cincinnati, for appellees.

Herbert S. Duffy, Columbus, Eugene Carlin, Columbus, and Earl T. Wagner, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

This is an appeal from a judgment in favor of the plaintiffs by the Court of Common Pleas of Hamilton County, on an appeal from the Industrial Commission.

Undoubtedly, when Edgar Kellogg was engaged in changing a heating pipe hung near the ceiling, sixteen feet above the floor, he was in the course of his employment. When the bottom end of the ladder upon which he was working slipped and the upper end reached the top of a door eight feet above the floor' and fell from that height to the floor with Kellogg upon it, the accident occurred in the course of the employment. All personal injuries received by him in that fall were likewise in the course of the employment and arose out of the hazards thereof.

The only question of fact is whether his death was caused or accelerated directly by the injuries then received.

The immediate cause of his death was sarcoma—a disease rather than an injury. Therefore, for his dependents to be entitled to compensation on account of his death, it must appear from the evidence that this disease was caused or �de accelerated by some physical ·injury accidentally received in the course of his employment—and as no other such accident is suggested, to be specific, from some physical injury received when he fell on the ladder to the floor. We shall examine the evidence.

The sarcoma first manifested itself in Kellogg in the form of an enlarged testicle about three weeks after he fell. At that time he showed it to his father. He consulted the family physician about it at that time. The testicle kept increasing in size, and, as a result, about seven weeks after his fall, his father sent him to the hospital for examination, where the physician diagnosed his condition as sarcoma of the left testicle. This diagnosis was reached after Kellogg had told the physician that about two or three months prior to that time he had fractured his patella and received a blow on the testicle in a fall. A few days after the diagnosis, the left testicle was removed, and this was followed by X-ray treatments. Nevertheless, the sarcoma spread to other parts of his body and on February 23rd, 1935—a little more than six months after his accident—he died from that disease.

The physician expressed the opinion that trauma is one of the causes of sarcoma and that when so caused, it manifests itself between two and six ·weeks after the blow.

That is substantially all the evidence. It is objected that what was said by Kellogg to his physician about the blow to his testicle is incompetent, but we think the objection is without merit. It is true that this statement may not be used to prove that the blow occurred in the course of his employment but it may be used to prove that trauma was the cause of the sarcoma. All statements relating to the physical condition of the patient made to the physician as a predicate of a diagnosis are competent. That he had received an external blow was very material as a basis of diagnosis of his present condition. Cleveland Ry. Co. v Merk, 124 Oh St 596, at 606. The limits of such testimony is clearly illustrated in Hammond v Industrial Commission, 54 P. (2d) (84 Utah 67) 687, at 693 and 694.

"Tested by these principles, the declarations and statements, in the main, made by the deceased to Dr. Andersen were admissible. Certainly the statements made by the deceased as to pain and suffering and the character and extent thereof, when first experienced, and extent of exertions exercised by him, the nature and character of the work in such particular as performed by him, etc., all tended to show the extent of the exertion, and were all necessary to enable the physician to properly diagnose the condition of the deceased and to treat him. The statement that the work was done at a particular reservoir or place in City Creek Canyon operated or controlled by the city may be open to objection, and may properly be excluded. That is illustrated by the case of North American Acc. Ins. Co. v Hill's Admrx., 182 Ky. 125, 206 SW 170. That case was one brought to recover damages on an accident policy restricted to injuries sustained by traveling on a passenger train. The physician consulted by the plaintiff was permitted to testify that the plaintiff stated to him that, while he was boarding a train, it started up suddenly, throwing him violently and that he fell on a grip carried by him or that the grip fell on him, thus bringing the case directly within the terms of the policy. The court held that, while the physician could testify that the plaintiff stated to him that he sustained an accident wherein he fell on a grip or that the grip fell on him and the part of the body affected together with the symptoms following, but, to enable the physician to properly treat the plaintiff, it was not essential to mention the place where the accident occurred."

The evidence that he told the physician that he had received a blow comes well within the rule of admissibility, and the physician is a competent witness to the conversation. Industrial Commission v Warnke, 131 Oh St 140.

Now then, we have direct testimony from witnesses that Kellogg fell in the course of his employment, that he received a blow to his left testicle in a fall about the same time, but no direct testimony that this blow was received in the course of his employment. And we have evidence that the

blow caused the sarcoma from which he died.

It will be seen that if any element is lacking, it is the evidence that the blow to the testicle was received in the course of the employment. The contention of the state is that there is a complete failure of proof on this point. And undoubtedly, there is a complete failure of direct evidence, but we believe an inference arises, strong enough to be used by the triers of facts that a blow to the testicle was received in the one violent occurrence shown by the record—the fall on the ladder. This is proof by circumstantial evidence, which is present in almost all civil suits, but is not expressly referred to so frequently in them as it is in criminal cases. That being the time and place when the blow was received, it was in the course of the employment, from a hazard of the employment. His death was occasioned in the course of his employment, and is compensable in favor of his dependents.

We find no prejudicial error in the record.

For these reasons, the judgment of the Court of Common Pleas is affirmed.

ROSS, PJ, and HAMILTON, J, concur.

## ON APPLICATION FOR REHEARING

Decided June 20, 1938

By MATTHEWS, J.

Our attention has been called to the fact that the court excluded that part of the physician's answer in which he specifically stated that the patient cold him that he had received "a blow on the testicle." In excluding this, we think the court erred as is indicated by our opinion on the hearing of this cause. However, the court did not exclude the physician's statement that he had obtained a history of an occurrence which preceded the onset of the swelling of the testicle, that this history included an "injury some two months prior to that time—two or three months prior to that time, I would have to look at the record to give you the exact date," and that trauma in his opinion "can be regarded as the exciting cause which allows a sarcoma to develop" and that the sarcoma usually develops in from two to twelve weeks afterwards. Nor did the court exclude the statement that this condition of the testicle developed immediately after the date of the fall, and that it had been accompanied by pro-

gressive loss of weight for three or four weeks preceding the examination by the physician. We are of the opinion that without the direct testimony of an injury to the testicle, there is sufficient circumstantial evidence that the sarcoma was either caused or its development accelerated by this fall, and that, therefore, his death had a causal relation to his employment.

It is also contended that the court failed to pass on the admission of the hospital record, which was assigned as error. As a matter of fact the court did pass upon that assignment, in its statement that there was no other prejudicial error.

The record referred to is that of The Christ Hospital. The librarian and custodian of such records testified that the records were made "In the hospital in the usual course of treatment of the patient." The only material part of the record not undisputed or conclusively proven by other evidence is the statement of the patient that he had suffered a blow to the testicle in the fall on the ladder which we find the court improperly excluded from the testimony of the physician on the stand, the physician having testified that he was a member of the medical staff of The Christ Hospital and that this statement to him had been made at The Christ Hospital for the purpose of diagnosis and treatment and the hospital record confirms this. Now, assuming the incompetency of the hospital record, as we have found that the court should have permitted the physician to testify to this statement from the witness stand, it would seem a sacrifice of substance to form to hold that as the jury was given this same information through an incompetent hospital record rather than through the competent medium of a witness that, therefore, the judgment must be reversed, so that the same evidence may be received in the technically competent manner, notwithstanding the evidence is the same statement of the same person.

Nor are we satisfied that the hospital record was incompetent. The bill of exceptions shows that the physician had no real independent recollection of what transpired. If permitted to testify he would only repeat what he found in the record made at the time. And that is the usual case. Under such circumstances, the hospital record satisfies the requirements of necessity and trustworthiness which form the basis for the exception to the hearsay rule.

Grossman v Delaware Electric Power Co., 155 Atl. (Del.) 806; United States v Wescoat, 49 Fed. (2d) 193.

This holding is in no way inconsistent with the holdings in Coutellier v Industrial Commission, 126 Oh St 546, and Strassel v Industrial Commission, 30 O.C.A. 468. The material evidence admitted in the case at bar is limited to information necessary to make a proper diagnosis of a present ailment. It did not relate to the time and place of any prior injury. That was supplied by other evidence.

The application for a rehearing is denied.

ROSS, PJ, and HAMILTON, J, concur.