460 P.2d 383

**James C. BRATTON, Plaintiff-Respondent,**

**v.**

**Clifford J. SLININGER and Evergreen Express, Inc., Defendants-Appellants.**

**No. 10419.**

Supreme Court of Idaho.

Oct. 24, 1969.

---

H. J. Hull & Sons, Wallace, for appellants.

Brown, Peacock & Keane, Kellogg, for respondent.

DONALDSON, Justice.

On May 10, 1965, respondent's (plaintiff's) car and appellants' (defendants') truck collided on U. S. Highway 10 about 1½ miles east of the Rose Lake turnoff. The accident occurred at approximately 5 A.M., just at the break of dawn. The roadway was dry and each driver saw the other approaching. U.S. 10 is a two lane asphalt roadway, 22 feet in width.

Although appellant testified that the accident occurred in his lane of traffic,

there was ample physical evidence in addition to the testimony of the respondent and other witnesses indicating that the collision occurred in respondent's (plaintiff's) lane.

The jury returned a general verdict of $34,869.76 in plaintiff's favor upon which judgment was entered. The defendants have appealed from the judgment and from the denial of their motion for judgment notwithstanding the verdict or in the alternative for a new trial.

By their first two specifications of error appellants contend that they were entitled to a set of instructions similar to those requested by the respondent and given by the trial court regarding justification for violation of the statute requiring drivers to keep to the right.[1] Appellants assert that the jury should have been able to consider whether or not a violation of the statute by appellants was excusable or justifiable. Any party may file written requests that the court instruct the jury on the law as set forth in the requests. I.R.C.P. 51. It is not contested that appellants had a right to have the jury instructed on their theory of the case if sup-ported by the evidence. Appellants' theory of the case was, as the appellant Slininger testified, that the accident happened on appellant's side of the road; that appellant Slininger did not cross the center of the road. Under this theory no instruction concerning justification of a violation of a statute by appellants was required to be given by the court since according to appellants' theory there was no violation of any statute by appellants. However appellants at this late date apparently advance the alternative theory that if appellant Slininger was on the wrong side of the road the violation was justified or excusable. The burden of proving such justification was on the appellants. In Bale v. Perryman, 85 Idaho 435, 380 P.2d 501 (1963) this court stated that there were only four excuses or justifications, (1) anything that would make compliance with the statute impossible; (2) anything over which the driver has no control which places his car in a position violative of the statute; (3) an emergency not of the driver's own making by reason of which he fails to obey the statute; (4) an excuse specifically provided by statute. A review of the evidence produced at the trial of this case shows

---

1. Court's Instruction No. 9
"49–709 Idaho Code provides that:
'Drivers of vehicles proceeding in opposite direction shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction, each driver shall give to the other at least one-half of the main-traveled portion of the roadway as nearly as possible.'
A person violating the foregoing statute is guilty of negligence."
Court's Instruction No. 10.
"49–716 Idaho Code, provides that:
'Whenever any roadway has been divided into two or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply.
(a) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.'
A person violating the foregoing statute is guilty of negligence."

Court's Instruction No. 15.
"If you find from a preponderance of the evidence in this case that the plaintiff, by some act or failure to act, violated the provisions of a statute of the State of Idaho, such conduct in violation of the law is presumed to constitute prima facie negligence. This presumption of negligence is not, however, conclusive, but may be overcome or outweighed by evidence in the case, which satisfies your minds that, notwithstanding any failure to comply with the provisions of law in question, the plaintiff acted as a reasonably prudent person would have acted under all the surrounding circumstances shown by the evidence in the case.
And you will bear in mind, of course, that a finding of negligence based upon a violation of law by the plaintiff, will not justify a verdict in favor of the defendants, unless the violation of law was a proximate cause of an injury or damage found by you to have been suffered by the defendants."

no such excuse or justification. Instructions should not be given which are not based on evidence adduced at trial. Preston A. Blair Co. v. Rose, 56 Idaho 114, 51 P.2d 209 (1935); Owen v. Taylor, 62 Idaho 408, 114 P.2d 258 (1941); Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968). Furthermore, instruction No. 15 which appellants claim should have been made applicable to them as well as to the respondent was requested by appellants and given as requested. Appellants are therefore in no position to complain. Fawcett v. Irby, *supra*; Werth v. Tromberg, 90 Idaho 204, 409 P.2d 421 (1965). Under the circumstances the three instructions taken as a whole were correct.

■■■ Appellants also assert as error that respondent was not entitled to instruction No. 21, regarding damages to his vehicle since the evidence upon which the instruction was based proved only the worth of the automobile to respondent. In the case at bar the evidence disclosed that the vehicle was damaged on the left side in a sideswipe manner. There was no evidence adduced which impeached or contradicted respondent's testimony concerning the damage to the automobile and that the auto had no value to the respondent immediately following the collision. It is a well settled rule in this state that the owner of property is a competent witness to its value. Beech v. American Surety Co., 56 Idaho 159, 51 P.2d 213 (1935); Thibadeau v. Clarinda Copper Min. Co., 47 Idaho 119, 272 P. 254 (1928). The owner of an automobile has been held competent to testify as to its value. Garrett v. Neitzel, 48 Idaho 727, 285 P. 472 (1930). Where personal property, which is destroyed or injured by the willful or negligent act of another, has no market value, its value to the owner may be used as a basis for determining damages. Zenier v. Spokane International R. R. Co., 78 Idaho 196, 300 P.2d 494 (1956). While market

value is the ordinary measure of direct property loss, yet, where the property is not salable, or its salable value would not be adequate compensation, the value to the owner will be accepted. McCormick on Damages, § 45 at 170 (1935). Since the evidence concerning damages to respondent's vehicle was not controverted by appellants and no market value was presented by appellants, as they had a right to do, they will not be heard to complain at this late time.

> "When, as in this case, damages are to be assessed upon one of two methods, according to circumstances, and the plaintiff's proof is by one of these methods only, and the defendant fails to supply the other mode of proof, which may be more favorable to him, or to raise any question as to the failure of the plaintiff to supply it at the trial, an appellate court ought not to reverse the judgment * * *." Hartshorn v. Caddock, 135 N. Y. 116 at 123, 31 N.E. 997 at 999, 17 L.R. A. 426 (1892).

Furthermore, since the jury returned a general and not a special verdict, there is no indication that the jury awarded any damages for the respondent's automobile. The general verdict was not excessive and there was abundant evidence to justify the verdict without taking into consideration the damages awarded, if any, for the automobile.

■■■ We now address ourselves to appellants' contention that it was error to permit the jury to consider mortality tables where there was no evidence of permanent disability presented at trial. Although there was conflicting evidence regarding the permanency of respondent's injuries, it cannot be said that there was not competent and substantial evidence probative of the permanency of these injuries. In addition to the testimony of the doctor [2] permanency

2. Testimony of Dr. Whitesel. "Q. Now what are Mr. Bratton's present complaints?
"A. They are very similar to the complaints that he has complained of for the

past few years and that is, primarily that these shock feelings and a feeling of darkness, the dizziness often accompanied by headaches. Sometimes his face will turn red with these attacks. More recently

of injury was also evidenced by repeated seizures on at least 50 occasions, loss of memory, personality change, all the result of scar tissue formed as the result of the concussion respondent suffered. This court has consistently followed the principle that findings of a jury if supported by substantial, competent, though conflicting evidence, will not be disturbed on appeal. Skaggs Drug Center Inc. v. City of Idaho Falls, 90 Idaho 1, 407 P.2d 695 (1965); Robinson v. White, 90 Idaho 548, 414 P.2d 666 (1966); Petersen v. Parry, 92 Idaho 647, 448 P.2d 653 (1968).

Appellants also claim the district court erred in refusing to give appellants' requested instruction on the plaintiff's duty to use reasonable diligence in caring for his injuries, to prevent their aggravation and to promote healing. First of all it should be pointed out that mitigation of damages is a defense and the burden of pleading and proving it rests with defendants. Casey v. Nampa and Meridian Irrigation District, 85 Idaho 299, 379 P.2d 409 (1963); Garden City Floral Co. v. Hunt, 126 Mont. 537, 255 P.2d 352 (1953); Mass v. Board of Ed. of San Francisco Unified Sch. Dist., 61 Cal.2d 612, 39 Cal.Rptr. 739, 394 P.2d 579 (1964). In reviewing the record we find that appellants failed to produce substantial evidence that respondent failed to obtain prompt or adequate treatment or that he failed to follow proper advice. The district court, therefore, committed no error in refusing the instruction.

The next issue for this court to consider is the appellants' contention that the trial court erred in denying appellants' motion for mistrial because of an emotional outburst made by Mrs. Bratton, respondent's wife. Mrs. Bratton had been crying and was cautioned by respondent's counsel to refrain. She then uttered an unpremeditated remark addressed to the court, at which point the trial judge admonished the jury.[3]

A motion for mistrial is directed to the trial court's judicial discretion, and the trial court's ruling will not be disturbed unless there be shown such an abuse of discretion that defendant's rights are prejudiced. Barry v. Arrow Transportation Company, 83 Idaho 41, 358 P.2d 1041 (1960); Chard v. Bowen, 91 Idaho 521, 427 P.2d 568 (1967).

"Something must be presumed for the intelligence and fairness of the jurymen, and that they will not ordinarily be influenced into rendering a verdict contrary to the instructions of the court and the evidence by every idle or improper remark that may be made during the progress of a trial." Watkins v. Mountain Home Co-op. Irr. Co., 33 Idaho 623 at 638, 197 P. 247 at 251 (1921).

The trial court was in a position to observe the conduct of the one uttering the remark as well as the reaction of the jury and the amount of prejudice thereby created. The court in this case, using its discretion, decided that an admonition to the jury to disregard any demonstration or out-

---

he has noticed a blueness around his nose and his lips of which I am not certain the exact mechanism. He still has problems with his neck and high back. I have a feeling that this may go on indefinitely. Also feel that subsequently that Mr. Bratton may have to return to Spokane for further studies."

3. "The Court: I think the record should show that, for myself, that I wasn't particularly upset by the demonstration up to the point where she jumped up and addressed the Court. If I had been I would have stopped it before it got that far, but I think, under the circumstances, we could proceed and the Motion therefore will be denied."

"The Court: Before we proceed, members of the jury, like to make a short statement here to probably clear the air. I would caution the jury that any demonstrations that might happen in the courtroom sometimes are not possible to prevent, and they have nothing to do with the facts of the case and are not to be considered by the jury in any way. The jury is not to be swayed by prejudice or sympathy and you will be further instructed on that at the conclusion of the case but want to emphasize the jury is not to consider anything like happened just before the recess."

burst and not to be swayed by prejudice or sympathy corrected any error which might have occurred and that defendant's rights were not prejudiced by the outburst. We find no abuse of discretion by the trial court on the question of mistrial and its determination will not be disturbed.

 Appellants' last specification of error concerned the failure of the trial court to grant defendants' motion for a directed verdict made at the close of plaintiff's case and in denying appellants' motion for judgment notwithstanding the verdict and in the alternative a new trial. Upon a motion for directed verdict or judgment notwithstanding the verdict the moving party admits the truth of the adversary evidence and every inference that may be legitimately drawn therefrom. It should only be granted in the absence of evidence to support the verdict. Loosli v. Bollinger, 90 Idaho 464, 413 P.2d 684 (1966); Mabe v. State ex rel. Rich, 86 Idaho 254, 385 P. 2d 401 (1963); Foster v. Thomas, 85 Idaho 565, 382 P.2d 792 (1963). In this case the overwhelming weight of the evidence indicated that the accident occurred on the respondent's side of the road. No evidence was introduced at the trial which would justify the appellant being on the wrong side of the road where the collision occurred.

Appellants claim in addition that they are entitled to a new trial because of an excessive verdict. The amount of damages is a question of fact which is for the jury in the first instance and secondly for the trial judge on a motion for a new trial. Blaine v. Byers, 91 Idaho 665, 429 P.2d 397 (1967). The power of this court over excessive damages "exists only when the facts are such that the excess appears as a matter of law, or is such as to suggest at first blush, passion, prejudice, or corruption on the part of the jury." Mendenhall v. MacGregor Triangle Company, 83 Idaho 145, 358 P.2d 860 (1961); see also, Blaine v. Byers, *supra*; Gonzales v. Hodsdon, 91 Idaho 330, 420 P.2d 813 (1966).

A review of the evidence indicates that the respondent was subject to epileptic seizures, personality change, loss of memory, and, in addition, an aggravation of a pre-existing osteoarthritic condition in his neck. In addition, the testimony indicates that the respondent had a loss of wages in the sum of $18,860 at the time of the trial. While he is presently working it is at a lower pay scale at a loss of approximately $5,500 per year. At the time of the trial the respondent was 49 years of age and he may have many more years in which to work. In addition the respondent's medical and hospital expenses amounted to $3,200. This court is of the opinion that the trial court did not abuse its discretion in denying a new trial on the ground that the damages were excessive.

Judgment affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, SHEPARD, and SPEAR, JJ., concur.