(November 6, 1911.)

## THOMAS GOLDEN, Respondent, v. SPOKANE & INLAND EMPIRE RAILROAD CO., a Corporation, Appellant.

### [118 Pac. 1076.]

CHILD—DEATH BY WRONGFUL ACT—MEASURE OF DAMAGES—DISCRETION OF JURY—PASSION AND PREJUDICE—INSTRUCTIONS.

(Syllabus by the court.)

**1.** In an action by the father for the wrongful death of a son seven years of age, caused by collision on the railway, where it is admitted that the death occurred through the negligence and carelessness of the servants of the defendant, the value of the child's services to the father during the period of his minority should be ascertained by the jury from the evidence introduced and by using their own judgment, common sense and discretion, as an estimate of such services must of necessity to a considerable extent be a matter of opinion.

**2.** In such cases the parent is entitled to recover more than nominal damages.

**3.** A verdict of $4,000 for the death of a bright, healthy, active boy of seven years of age is not excessive under the facts of this case.

**4.** While it was error for the court to instruct the jury that they should find for the plaintiff any sum that he might reasonably expect to receive from such son after coming of age, "if any such is shown by the evidence," when no such sum is claimed in the complaint and no evidence whatever had been introduced upon that question, *held* not reversible error.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. Robert N. Dunn, Judge.

Action to recover damages for the wrongful killing of plaintiff's minor son. Judgment for plaintiff. *Affirmed.*

W. G. Graves, and Whitla & Nelson, for Appellant.

Damages should have been limited to the expectation of the life of the plaintiff. (*Louisville etc. Co. v. Wright,* 134 Ind. 509, 34 N. E. 314; *Rouse v. Detroit etc. Ry.,* 128 Mich. 149, 87

N. W. 68, 70; *Jones v. McMillan*, 129 Mich. 86, 88 N. W. 207; *Fidelity etc. Co. v. Buzzard*, 69 Kan. 330, 76 Pac. 832.)

The amount awarded is grossly excessive. (*Little Rock etc. Co. v. Barker*, 33 Ark. 350, 34 Am. Rep. 44; *Pennsylvania Co. v. Lilly*, 73 Ind. 252; *Mayor etc. v. McLain*, 67 Miss. 4, 6 So. 774; *Parsons v. Missouri Pac. Ry. Co.*, 94 Mo. 286, 6 S. W. 464; *Lehman v. Brooklyn*, 29 Barb. 234; *Riley v. Transit Co.*, 10 Utah, 428, 37 Pac. 681; *Dinnihan v. Beach Co.*, 8 App. Div. 509, 40 N. Y. Supp. 764; *Hively v. Webster County*, 117 Iowa, 672, 91 N. W. 1041; *Con. Trac. Co. v. Graham*, 62 N. J. L. 90, 40 Atl. 773; *Graham v. Traction Co.*, 64 N. J. L. 10, 44 Atl. 964; *Schaffer v. Transfer Co.*, 29 App. Div. 459, 51 N. Y. Supp. 1092; *Connaughton v. Publishing Co.*, 73 App. Div. 316, 76 N. Y. Supp. 755; *Fox v. Railway Co.*, 118 Cal. 55, 62 Am. St. 216, 50 Pac. 25.)

McFarland & McFarland, for Respondent.

Courts do not award damages for the death of a person except in cases where such death was wrongfully caused, and a person or corporation wrongfully causing the death of an individual should be required to pay in damages more than a nominal sum. The damages awarded by the jury in the case at bar are not excessive. (*Galveston H. & N. Ry. Co. v. Olds* (Tex. Civ. App.), 112 S. W. 787; *Louisville & N. R. Co. v. Kimble's Admx.*, 140 Ky. 759, 131 S. W. 790; *Rice v. Crescent City R. Co.*, 51 La. Ann. 108, 24 So. 791; *Taylor B. & H. R. Co. v. Warner* (Tex. Civ. App.), 31 S. W. 66; *Chicago City Ry. Co. v. Strong*, 230 Ill. 58, 82 N. E. 335; *Myers v. San Francisco*, 42 Cal. 215; *Houghkirk v. Canal Co.*, 28 Hun, 407; *Austin Rapid Transit Ry. Co. v. Cullen* (Tex. Civ. App.), 29 S. W. 256, 30 S. W. 578; *Abby v. Wood*, 43 Wash. 379, 86 Pac. 558.)

SULLIVAN, J.—This is an action to recover damages for wrongfully causing the death of Darrell Golden, the minor seven year old son of the respondent. The death was caused by a wreck on the railroad of the appellant. The liability of

appellant for the death of said child is admitted, or is not disputed, and the only question involved is the amount of damages that the plaintiff is entitled to recover in this action.

The cause was tried by the court with a jury and the jury returned a verdict in favor of the plaintiff for the sum of $4,145, $145 of which was for the expenses of the burial of the child, and judgment was entered for that amount on said verdict. A motion for a new trial was denied and the appeal is from the judgment and order denying a new trial.

Several errors are assigned, but those upon which the appellant relies are to the effect that the evidence is insufficient to support the verdict; that the verdict is excessive and was given under the influence of passion and prejudice, and that the court erred in giving instruction No. 3.

As to the first assignment of error, the evidence shows that the child in question was about seven years of age; that the plaintiff, the father of the child, was about 61 years of age at the date of the death of the child, and that his life expectancy, according to the standard mortuary tables, was 12.26 years; that the child was a bright, healthy, active child and the pet of the family; that the plaintiff had fourteen children, twelve of whom are still living. That being the substance of the evidence, while the plaintiff admits its liability, it claims that the judgment is excessive. It is urged that as the plantiff had so many children older than the one in question, if plaintiff required comfort and support from his children in his declining years, the burden would fall upon the older children rather than on this young child. It is also contended that according to the plaintiff's life expectancy, as established by standard tables, he would live only 12.26 years. That added to the age of the boy would make him about nineteen years of age when the father would die, and it is contended that the child could not possibly earn for his father during those twelve years $4,000 over and above the necessary expenses of caring for the child.

In an action for the wrongful death of a child, it is well recognized that the actual benefit that the parent might receive from the services of the child during his minority cannot be

specifically ascertained to the dollar by the jury, and it is a well-recognized rule that the jury should in such cases ascertain as best they can from the evidence introduced, and by using their own judgment, common sense and sound discretion, the value of such services. An estimate of such services must of necessity be a matter of opinion, and it was held in *Brunswick v. White,* 70 Tex. 504, 8 S. W. 85, that no expert testimony on that question would be better than the judgment and common sense of the jury. Upon the question of damages where different minds might honestly and probably would differ and arrive at different results, and nothing inconsistent with the exercise of good judgment appears in the record, the appellate court will leave the verdict as the jury found it. (*Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9.) It is also well recognized that where the death of a child is caused by the negligent and wrongful acts of the defendant, the parent is entitled to recover more than nominal damages. It was held in *Taylor, B. & H. Ry. Co. v. Warner* (Tex. Civ. App.), 31 S. W. 66, that a verdict of $5,000 for the death of a bright, healthy and industrious boy seven years old was not excessive.

We cannot say that the judgment in the case at bar is excessive, or that its amount would indicate that it was arrived at through prejudice or passion.

Instruction No. 3, the giving of which is assigned as error, is as follows:

"The court instructs the jury that in estimating the damages sustained by the father by reason of the death of his infant child, the jury may estimate such damages upon the basis of what the son's services would have been worth to his father from the date of the injury to the time he would have arrived at the age of twenty-one years, with any sum that he might reasonably expect from such son after coming of age, if any such is shown by the evidence, deducting therefrom the costs and expenses of the father in his support and maintenance during his minority."

Counsel contends that "two pernicious errors stand boldly out in this instruction," the first of which is that under the

pleadings and evidence plaintiff was not entitled to damages on account of any sum which might be supposed his son, if he had lived, would have given him after attaining majority, and that the only allegation of the complaint relating to damages for loss of services is to the effect that said son was capable of earning for plaintiff before arriving at maturity large sums of money by physical and mental labors, and energies, thereby adding greatly to the wealth, welfare, comfort, society and happiness of plaintiff. Said allegations referred to the earnings of the child before arriving at maturity, but we find substantially the same allegations, aside from the expression, "before arriving at maturity," in paragraph 8 of the complaint. However, viewing the matter as we do, we think it was only intended to claim damages up to the maturity of the child or up to the time he arrived at the age of twenty-one years, and there is no evidence whatever in the record that would justify the jury in finding that the appellant would receive any financial benefit whatever from the deceased child after he had arrived at the age of majority. That clause in the instruction, to wit, "with any sum that he might reasonably expect from such son after coming of age, if any such is shown by the evidence," should not have been given; but as it was not shown anywhere in the evidence, nor hinted at that the plaintiff reasonably might expect any sum of money from such son after he became of age, we do not think that the giving of said clause as a part of said instruction is reversible error, for if the jury followed that part of the instruction, they certainly did not include in their verdict any sum of money that the plaintiff might have received after his son became of age. Instructions of that kind ought not to be given to the jury unless they are applicable to some evidence adduced on the trial.

The judgment will be affirmed with costs of this appeal in favor of respondent.

Stewart, C. J., and Ailshie, J., concur.