(No. 5661.  April 16, 1931.)

RALPH F. BUTLER and CARRIE L. BUTLER, Respondents, v. ARCHER TOWNEND, Appellant.

[298 Pac. 375.]

T. C. Coffin, for Appellant.

Witty & Anderson, for Respondents.

BUDGE, J.—Respondents are the parents of Dora Butler who was killed in a collision between an automobile in which she was riding and one driven by appellant, the evening of January 8, 1930. The action was brought under the provisions of C. S., sec. 6644, which provides in material part that when the death of a person not a minor is caused by the wrongful act or neglect of another the heirs or personal representative of the deceased may maintain an action for damages against the person causing the death; and that in every action under this section such damages may be given as under all the circumstances of the case may be just.

The complaint alleged that Dora Butler was born December 28, 1908 (the proof showed she was born one year

earlier), and was at all times during her life an intelligent, companionable, healthful and able-bodied young lady, a great source of enjoyment, pleasure, companionship and comfort to her parents, and industrious and thrifty, employing her ability and strength in the best way that she could in earning money which she freely contributed to her parents; and that during all of the time, except when she was away from home employed, lived with her parents and aided in the running, management and caring for their home.

The complaint further alleged that on January 8, 1930, in company with others, the said Dora Butler was riding in an Essex automobile, driven and owned by one Harry Burke, proceeding southerly from Idaho Falls toward Blackfoot on the public highway; that said automobile was being driven in a careful and prudent manner at a moderate rate. of speed, not in excess of 25 miles per hour and on the right-hand side of the highway in the direction the car was going; that on said date appellant was riding in and driving a Hudson automobile proceeding in a northerly direction from Blackfoot, and at a point about two miles south of the town of Firth the two automobiles met and, notwithstanding the fact that the automobile in which Dora Butler was riding was being driven on the right-hand side of the road in the direction it was going, appellant negligently, carelessly, wilfully and in utter disregard of the safety and rights of other vehicles and persons driving along and upon said road and particularly in disregard of the safety and rights of the persons in the automobile driven by Harry Burke, drove over on to the left-hand side of the highway and into and against the automobile in which Dora Butler was a passenger and forced said automobile partly out of the highway and overturned it, throwing Dora Butler out of the car and bringing about her instant death—all of which was proximately caused by the negligence, wilful, wanton and careless conduct of appellant in driving upon the highway at a rapid rate of speed and upon the left-hand side of the highway where the automobile in which Dora Butler was riding was entitled to be.

After amendment of the complaint by interlineation to state that the parents of Dora Butler were her only heirs at law, appellant filed an answer in the way of a general denial of all the allegations in the complaint contained, and the cause was tried to the court sitting with a jury. The appeal is from the judgment in favor of respondents for $2,500 based upon the verdict of the jury, and from an order overruling appellant's motion for new trial.

A motion for nonsuit as to a co-defendant of appellant, who was riding with him at the time of the collision of the cars, was not improperly granted.

It is first contended by appellant that the evidence is insufficient to sustain the verdict for the reason that the proof is lacking to establish that the death of Dora Butler resulted in a pecuniary loss to respondents, that is, loss of donations reasonably to have been expected by the parents. In this behalf appellant argues that there is a definite, fixed measure of damages by which the jury must be guided in actions of this kind, one branch of which concerns damages for loss of future benefits or donations which might reasonably have been expected to be received by the parents but of which they were deprived by the death of the decedent. It is urged that for the establishment of plaintiffs' case in this respect proof must be offered upon certain material elements, and for failure of plaintiffs to produce such proof there is nothing upon which to base an award of damages and a verdict for plaintiffs cannot stand. The second proposition advanced by appellant has to do with the sufficiency of the pleading and proof to show injury to the heirs through loss of companionship of the decedent. As the two matters are related they will be discussed together.

In cases of this character it is not possible to prove the damage with any approximation to certainty. The jury must estimate them as best they can by reasonable probabilities, based upon their sound judgment as to what would be just and proper under all of the circumstances. (*Southern Colorado Power Co. v. Pestana,* 80 Colo. 375, 251 Pac. 224, 226; *City of Longmont v. Swearingen,* 81 Colo. 246,

254 Pac. 1000; *Southern Pac. Co. v. Lafferty,* 57 Fed. 536, 537, 544; 6 C. C. A. 474; *Hopper v. Denver & R. G. R. Co.,* 155 Fed. 273, 277; 84 C. C. A. 21; *Predmore v. Consumers Light & Power Co.,* 99 App. Div. 551, 91 N. Y. Supp. 118; *Kane v. Mitchell Transp. Co.,* 90 Hun, 65, 35 N. Y. Supp. 581 (affirmed on appeal, 153 N. Y. 680, 48 N. E. 1105); *Huff v. Peoria & Eastern Ry. Co.,* 127 Ill. App. 242 (regarding it as well settled that if the relation of the next of kin is lineal, as that of parent or child, the law presumes pecuniary loss from the fact of death alone); *Colorado Coal & Iron Co. v. Lamb,* 6 Colo. App. 255, 40 Pac. 251, 256: "When the age of the respective parties is established, the earnings given, the contributions which have theretofore been made stated, or any proof offered of an existing practice of contribution, enough has been laid before the jury to warrant them in computing, according to their own judgment, the loss which has been suffered.") And as said by the Texas Court of Civil Appeals in *Gulf, C. & S. F. Ry. Co. v. Brown,* 33 Tex. Civ. App. 269, 76 S. W. 794, 796: "In cases of this character the evidence cannot furnish the measure of damages with that certainty and accuracy with which it may be done in other cases. Hence the amount must of necessity be left to the sound discretion of the jury, and their discretion will not be interfered with unless it is made to appear that it has been abused."

The complaint herein alleged that the decedent "was a great source of enjoyment, pleasure, companionship and comfort to the plaintiffs, and was industrious and thrifty and employed her ability and strength in the best way that she could in earning money, and which she freely contributed to the plaintiffs, and that during all of the time, except when she was away from home employed, the said Dora Butler lived with the plaintiffs and helped, aided and assisted in the running, management and caring for the home of the plaintiffs and to make it pleasant and agreeable." The evidence shows that decedent had been employed prior to her death and had been contributing $5 a week to her parents. She had been married and divorced,

but during her marriage gave money to her parents "right along." It is also shown that the decedent was of an agreeable disposition, kind and affectionate to her father and mother, and while living at home assisted with the housework, etc. The father testified to his age and the jury, from seeing the mother, who also testified, could determine her age, so as to enable them to determine the life expectancy of the parents. (See authorities cited next below.) Mortality tables might have been introduced but such introduction was not indispensable. (*Warders v. Union Pac. Ry. Co.*, 105 Kan. 4, 181 Pac. 604; *Standard Oil Co. v. Reagan*, 15 Ga. App. 571, 84 S. E. 69; *Atchison, T. & S. F. Ry. Co. v. Hughes*, 55 Kan. 491, 40 Pac. 919; *Philadelphia, B. & W. R. Co. v. Tucker*, 35 App. D. C. 123, L. R. A. 1915C, 39.)

We are of opinion that in the instant case there is sufficient pleading and proof of pecuniary loss to the parents as well as loss of companionship resulting from the death of their daughter, within the scope of the authorities cited, whose holdings we approve. It is probable that in fixing the amount of damages the jury took into consideration both the pecuniary benefits that would have inured to respondents, and loss of companionship, as instructed by the court (*Anderson v. Great Northern Ry. Co.*, 15 Ida. 513, 99 Pac. 91); and it cannot be said that the total amount of the verdict is based upon loss of expected contributions alone, as to be objectionable under the statements in *Chesapeake & O. R. Co. v. Kelly*, 241 U. S. 485, 36 Sup. Ct. 630, 60 L. ed. 1117, L. R. A. 1917F, 367, and *Chesapeake & O. R. Co. v. Gainey*, 241 U. S. 494, 36 Sup. Ct. 633, 60 L. ed. 1124.

Appellant contends that the physical facts disclosed by the evidence with reference to the collision of the cars are so convincingly diametrically opposed to the version of the accident as testified to by the witnesses for respondents that the testimony of the latter as to negligence on the part of appellant is unworthy of belief, and a new trial ought to be granted. The testimony for respondents in this respect was that the car driven by appellant was proceed-

ing at a rapid rate of speed in the opposite direction to that of the car in which the decedent was an occupant, and when arriving at a point where the two cars were about to pass each other on the highway appellant's car veered suddenly to the left and crashed into the other. The pictures of the car in which deceased was riding, taken after the crash and introduced as exhibits upon the trial, show that this car received a violent blow' on the left front side, and the evidence shows it was turned over on its right side from the impact. Respondents' witnesses testified that at the time of the collision the car in which deceased was riding was traveling close to the guard-rail adjoining the highway on its right, and appellant stresses the fact that, assuming the car was struck as claimed and was close to the right-hand edge of the highway, it did not crash into the guard-rail. We are not prepared to say that it was a physical impossibility for the car in which deceased was riding not to be pushed against the guard-rail if struck as testified to by witnesses for respondents. It could have been pushed back in its course away from the guard-rail and turned over as it was without coming in contact with the rail, considering that appellant's automobile was the larger and heavier of the two and was proceeding at a speed of around 50 miles an hour when the collision occurred. The conflicting stories of the manner in which the accident occurred and its cause were properly submitted to the jury and their finding of negligence on the part of appellant is not overcome by the so-called physical facts.

Finding no error in the proceedings upon the trial, including the court's action on instructions given and refused, and being of the opinion that the amount of the verdict is not excessive under all the circumstances of the case, the judgment must be affirmed, and it is so ordered; costs to respondents.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.