(No. 7024. October 22, 1942.)

A. W. HEPP and MINA HEPP WEEKS, Respondents, v. MARVIN ADER and HERBERT ADER, Appellants.

[130 Pac. (2d) 859.]

Rehearing denied November 30, 1942.

Geo. Donart for appellants.

Norris & Kenward and Elam & Burke for respondents.

Morgan, J.—This action was commenced and prosecuted by respondents against appellants to recover damages caused by a collision between an automobile belonging to Marvin Ader and driven by Herbert Ader, and an automobile owned and driven by A. W. Hepp and occupied by him and Jeannette Hepp.

It is alleged in the complaint that the collision was caused by the negligence of Herbert Ader in driving the automobile belonging to Marvin Ader, as the latter's agent and under his direction, in a careless and reckless manner and at a high, dangerous and excessive rate of speed, around his left hand side of a curve in the highway on which the automobiles were traveling in opposite directions, and on which they met in the collision, and that, as a result thereof, the Hepp automobile was demolished and Jennette Hepp was killed. It is further alleged:

"That the plaintiff, A. W. Hepp, is the surviving husband of Jennette Hepp, now deceased, and the plaintiff, Mina Hepp Weeks, and the defendant, Myrtle Hepp Snyder, are daughters of the said Jennette Hepp, deceased, and as such surviving husband and daughters are and constitute all of the heirs at law of the said Jennette Hepp, deceased, ****"

Mina Hepp Weeks joined her father as a plaintiff in the action and Myrtle Hepp Snyder, refusing to do so, was made a defendant therein.

A. W. Hepp, in the first cause of action stated in the complaint, sought judgment against appellants for $275.00 damages for destruction of his automobile. In the second cause of action he sought judgment against them for $20,250.00, being $20,000.00 for loss of services, companionship, society, comfort, love and affection of his wife, and $250.00 paid by him as necessary funeral expenses. In the second cause of action Mina Hepp Weeks sought $5,000.00 damages for loss of comfort, companionship, society, guid-

ance, advice, love and affection of her mother. Respondents prayed, in their complaint, that Myrtle Hepp Snyder be required to come into court and set forth the nature of her claim, if any, against her co-defendants, and, upon her failure to so appear, it be adjudged and decreed she had waived all claim she had for damages by reason of the wrongful death of her mother. She failed to appear in the case and her default was entered. Appellants appeared and, by way of answer to the complaint, denied each and every allegation thereof and, as an affirmative defense, alleged that A. W. Hepp did not exercise ordinary care, caution or prudence to avoid the accident mentioned in the complaint and that the injuries and damages resulting therefrom, if any, were directly caused and contributed to by his carelessness and recklessness. The issues framed by the complaint and answer were tried to a jury, resulting in a verdict in favor of A. W. Hepp and against Marvin Ader and Herbert Ader, in the sum of $10,525.00; also in a verdict in favor of Mina Hepp Weeks and against said defendants in the sum of $1500.00. Judgment was entered accordingly. Appellants moved for a new trial, which was denied, and the case is here on appeal from the judgment and from the order denying a new trial.

Appellants complain of the giving of one of the instructions to the jury and of the refusal of the judge to instruct it as requested by them. A careful examination of the instructions given and of those refused fails to disclose any error prejudicial to appellants. The instructions given appear to us to correctly state the law applicable to the case and we find no error in the refusal to give the instructions requested by appellants.

The statute applicable to this case is Idaho Code Annotated, Sec. 5-311, which contains the following:

"5-311. Action for wrongful death.—When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; * * * * In every action under this * * * * section, such damages may be given as under all the circumstances of the case may be just."

The evidence shows respondent, Mina Hepp Weeks, was, at the time of her mother's death, a married woman living on a farm a few miles from where her parents lived. No testimony was offered as to the comfort, companionship,

society, guidance, advice, love or affection which she had received from her mother, or which she had lost by reason of her mother's death. No testimony was offered as to services, companionship, society, comfort, love or affection which the respondent husband received from his wife during their marriage, of which he had been deprived by her death. The evidence does show that, for a period of about 25 years immediately preceding her death, Jennette Hepp had been so crippled by rheumatism that she was unable to walk or perform any work; also that she was mentally very alert and was always cheerful.

Appellants insist the daughter has not been shown to be entitled to more than nominal damages for the death of her mother, and that the verdict of $10,000.00, in favor of the surviving husband for the death of his wife, is grossly excessive. They complain of the action of the trial judge in refusing to reduce the amounts awarded by the jury, and insist the verdicts were given under the influence of passion and prejudice.

■ [I] There is probably no subject about which there is greater discord in judicial opinion than with respect to the amount which should be awarded as damages for the death of a human being, caused by the wrongful act or negligence of another. The right to recover such damages is statutory, and much of this discord may be attributed to differences in laws granting it.

[II] Our statute, heretofore quoted, providing for recovery of damages for death, caused by wrongful act or negligence, is as liberal as any we have examined. It places but one restriction on the amount which may be recovered. That restriction is to be found in this language: *"such damages may be given as under all the circumstances of the case may be just."*

■ [III] Although the decisions are agreed that recovery may not be had for grief and anguish suffered by the surviving relatives of the deceased, it may be had, in Idaho, for loss of society, companionship, comfort, protection, guidance, advice, intellectual training, etc. (*Wyland v. Twin Falls Canal Co.*, 48 Ida. 789, 285 Pac. 676.)

■ ■ [IV] It is not necessary, in this state, for a husband or wife, in order to recover for the death of the other, caused by wrongful act or negligence, to plead or prove damages arising from loss of services, food, clothing,

shelter or anything else which may be measured in dollars and cents. The same rule applies in cases where a parent sues for the death of a child or the child for the death of a parent. Pecuniary loss, in cases of this kind, will be presumed upon proof of death, caused by the wrongful act or negligence of the defendant, and the relationship of husband and wife, or parent and child, existing between the plaintiff and the deceased. (*Anderson v. Great Northern Ry. Co.,* 15 Ida. 513, 99 Pac. 91; *Kelly v. Lemhi Irr. & Orchard Co., Ltd.,* 30 Ida. 778, 168 Pac. 1076; *Wyland v. Twin Falls Canal Co.,* 48 Ida. 789, 285 Pac. 676; *Butler v. Townend,* 50 Ida. 542, 298 Pac. 375; *Willi v. Schaefer Hitchcock Co.,* 53 Ida. 367, 25 Pac. (2d) 167. See also, *Little v. Ireland,* 30 Fed. Supp. 653; 25 C. J. S. 1284, Sec. 118; *Kane v. Mitchell Transp. Co.,* 35 N. Y. Supp. 581 (affirmed Memo. Dec., 48 N. E. 1105); *Davis v. United States Nat. Bank of Indiana Harbor* (Ind.), 186 N. E. 339; *O'Hara v. Lamb Const. Co.* (Mo.), 206 S. W. 253; *Byram v. East St. Louis Ry. Co.* (Mo.), 39 S. W. (2d) 376.)

During the trial of this case no contention was made by defendants that, if Mrs. Weeks was found to be entitled to recover, she was not entitled to substantial damages, nor that her recovery should be limited to a nominal amount. No motion was made, either for a non-suit or a directed verdict, nor was a request presented to the court that recovery be limited, except in defendants' requested instructions, as follows:

1. "You are instructed that should you find in favor of the plaintiffs, then, in determining what damages should be allowed as under all the circumstances of the case may be just, you may take into consideration the pecuniary loss to the plaintiffs resulting from the loss of comfort, society, companionship and support of the husband and the child by the wife. You should not take into consideration the mental suffering and mental grief of plaintiffs which resulted from the death of the deceased.

"ENDORSED: Refused as covered 12-12-41. A. O. Sutton, Judge."

2. "You are instructed that in determining the amount of damages you shall not take into consideration the mental suffering and mental agony of the surviving husband and daughter.

"ENDORSED: Given 12-12-41. A. O. Sutton, Judge."

3. "You are instructed in a case involving the death of a wife where the damages are sought by the husband and a daughter, the result of damages is the pecuniary loss, resulting from the loss of comfort, society, companionship and support of the husband and daughter by the wife, together with the hospital, medical and funeral expenses incurred in connection with the death of the wife.

"ENDORSED: 12-12-41. Refused as covered. A. O. Sutton, Judge."

4. "You are instructed that in determining the amount of pecuniary damages, if any, which were suffered by the plaintiffs, or either of them, you should take into consideration the physical condition, and the state of health of the deceased. Her physical condition and state of health should be considered by you in determining the length of time which she might have lived but for the accident, and also in determining what financial assistance and support she would have rendered and furnished plaintiffs had she lived.

"ENDORSED: 12-12-41. Refused as covered. A. O. Sutton, Judge."

7. "You are instructed that if you should find for the plaintiffs you should assess their damages at such amount as under the circumstances of the case may be just to reimburse them for the pecuniary loss sustained by them, taking into consideration the companionship, degree of intimacy, and likelihood of support which you find from a preponderance of the evidence plaintiffs would have probably received from the deceased had she lived but in no event should your verdict for plaintiff, A. W. Hepp, exceed the sum of $20,525.00, nor should your verdict for plaintiff, Mina Hepp Weeks, exceed the sum of $5,000.00.

"ENDORSED: 12-12-41. Refused. A. O. Sutton, Judge."

■ [V] The rule is well settled in this state that the parties to an action will not be heard to urge, on appeal, a theory which is inconsistent with that relied on by them in the trial. (*Brown v. Hardin*, 31 Ida. 112, 169 Pac. 293; *Hindman v. Oregon Short Line R. R. Co.*, 32 Ida. 133, 178 Pac. 837; *Idaho Gold D. Corp. v. Boise Payette L. Co.*, 52 Ida. 766, 22 Pac. (2d) 147; *Aetna C. & S. Co. v. Wedgwood*, 57 Ida. 682, 69 Pac. (2d) 128; *Gibbs v. Claar*, 58 Ida. 510, 75 Pac. (2d) 721.)

 [VI] Fixing amount of damages to be awarded, in a case involving death by wrongful act or negligence, is the duty and responsibility of the jury. The rule is too well established to require the citation of authority, that an appellate court should never interfere with the verdict of a jury because of the amount of the award, except in cases where abuse of discretion is clearly apparent. In this case we find no evidence of abuse of discretion, nor is there anything in the record which suggests that the verdicts were given under the influence of passion or prejudice.

The judgment and order appealed from are affirmed as modified. Costs are awarded to respondents.

Holden, J., concurs.

AILSHIE, J., Concurring in part and dissenting in part.

It is admitted that respondents suffered no financial loss in the death of this invalid wife and mother. This leaves, as the sole grounds on which to rest the verdict and judgment: deprivation of "companionship, society, comfort, love and affection" of the decedent. The only evidence, as to the relation between the husband and wife, is that she had been an invalid for 25 years; and the husband had taken care of her and had to dress and undress her; and that she was "Mentally, very alert . . . . She was always very cheerful." She was 54 years old and her state of health gave her no such life expectancy as contained in the normal mortality tables. Under this state of the case, a $10,000 verdict seems very large and really out of proportion to verdicts in the great mass of reported death by negligence cases. I am convinced, however, that the verdict was not the result of prejudice—I rather think it was influenced, in amount, by sympathy for the bereaved husband. I am not prepared to say, however, that it is so excessive as to justify this court in reducing or modifying it.

 A different question presents itself as to the daughter respondent, Mina Hepp Weeks. Mina Hepp Weeks was 33 years old, married, and lived with her family about 3 miles away from the father and mother; she did not go on the witness stand at all. There is not a word in the record of a single visit at the maternal home or of the relation existing between the invalid mother and the married daughter. Under such circumstances, the law raises no presumption, prima facie or otherwise, that the daughter has sustained damages, under the provisions of Sec. 5-311,

I. C. A. The motion for a new trial clearly covered this lack of proof as follows:

"4. That there is an insufficiency of evidence to justify the verdict of the jury in favor of Mina Hepp Weeks, and the verdict of the jury is against law.

"That the particulars in which the evidence is alleged to be insufficient are as follows:

"That there was no evidence of damages sustained by either plaintiff; that the evidence submitted in this case proved conclusively that said deceased, Jennette Hepp, was a helpless invalid, unable to perform any household duties; that neither the plaintiff, A. W. Hepp, nor Mina Hepp Weeks was deprived of any services; that the record shows no evidence whatsoever of any companionship and society between said deceased and said A. W. Hepp; neither did it show any proof of comfort or love or affection or counsel or advice (either moral or business) of said deceased for said A. W. Hepp and showed no relationship or companionship whatsoever with said A. W. Hepp aside from and with the exception that said deceased was the wife of A. W. Hepp; that said evidence showed that said plaintiff Mina Hepp Weeks was married and did not live at the home of Jennette Hepp; that she never received any financial assistance or service from said deceased; and said evidence shows no companionship or society or counsel or advice (either moral or business) between said deceased and said Mina Hepp Weeks and showed no associations or proof of any nature whatsoever to establish the relationship of love or affection between said deceased and said Mina Hepp Weeks."

The other sister, Myrtle Hepp Snyder, was also married and lived not as close to the parents as Mina, but, so far as the record discloses, sustained the same relation to her mother, as did Mina; and she declined to join as a plaintiff in this case.

The statute authorized the maintenance of this action as compensatory to a damaged heir and not as a punitive measure to mulct the tort-feasor out of a penalty. Proof must be made in such case, that "the loss of society and companionship" has been a "substantial loss which should be compensated." Such was the holding of this court in *Kelly v. Lemhi I. & R. Co.*, 30 Ida. 778, at 786, 168 Pac. 1076. "Intimacy existing between the father and the child

and the loss of companionship" constituted the issue and high point in determining the decision of this court in the *Anderson-Great Northern R. Co. case,* 15 Ida. 513, 99 Pac. 91; and established the doctrine in this state, that *society* and *companionship* may be considered in awarding damages in this class of cases. But that relation, companionship and intimacy, must be proven; it is not presumed.

*Holt v. Spokane, etc., Ry. Co.,* 3 Ida. 703, 35 Pac. 39, written by the late Justice Sullivan, was an action for damages resulting from the death of an infant son. The court there cited and approved an instruction given in the case of *Beeson v. Green Mtn. Gold Min. Co.,* 57 Cal. 20, wherein the action was prosecuted under sec. 377, Code of Civ. Procedure of California, which is identical with our sec. 5-311, I. C. A. In the fifth paragraph of the syllabus, written "by the court", it is said:

"Under section 4100 of the Revised Statutes of 1887, [sec. 5-311, I.C.A.] in this class of cases, certain elements based upon proof may be taken into consideration, yet without proof the jury should not consider them."

The judgment in that case was reversed for lack of proofs.

The Anderson case, supra, from this court, followed the Beeson case and cited the Holt case, supra, with the following observation:

"This court, in the case of *Holt v. Spokane & P. Ry. Co.,* 3 Ida. 703, 35 Pac. 39, cited and approved the Beeson case, and held that the loss of a child's society was a proper element of damages, providing there was any proof on the subject, but that it could not be considered without allegations and proof to that effect."

The Beeson case was also cited with approval by this court in the Kelly case (30 Ida. 778) and in the case of *Wyland v. Twin Falls Canal Co.,* 48 Ida. 789, 796, 285 Pac. 676. This court has never held that proofs may be dispensed with.

Here, as to the daughter, the proofs show a severance of the parental family relation and the formation of new and more intimate family relations, wherein the husband is admonished that he must "leave father and mother, and shall cleave to his wife" (Matt. 19, 5); which injunction presumably applies to the wife as fully as to the husband.

The damages sustained by an heir, on account of the

death of an actual or prospective benefactor, does not inure to the estate of the deceased but is purely personal to the heir (*Whitley v. S. & C. Ry. Co.*, 23 Ida. 642, 132 Pac. 121; 237 U. S. 487, 59 L. ed. 1060, L. R. A. 1915 F, 736) ; and is dependent in amount upon the extent of the loss measured as nearly as possible in dollars and cents, and the nature of such loss must be shown. As said by the Michigan court in *Sipes v. Michigan C. R. Co.*, 204 N. W. 84, 85 :

"Evidence relating to the nurture bestowed, and revealing the intellectual powers and moral character of the person, is available, and must be introduced to show the extent of what would have been supplied by the deceased had he lived, and, by reason of his death, need now be bought and paid for. *To measure what has been lost, it is necessary to consider the capacity of the parent to bestow. Without such light, the jury would have to apply their own standards, based on their individual experiences, and these would, of necessity, 'be as various as their tastes, habits, and opinions.'* See *Michigan Central R. Co. v. Vreeland*, 227 U. S. 59, 33 S. Ct. 192, 57 L. ed. 417, Ann. Cas. 1914C, 176. And the result would therefore be reached without considering the parent at all." (Emphasis inserted.)

The statute says : "such damages may be given as under all the circumstances of the case may be just." Under this statute, the question arises : How are the "circumstances of the case" made to appear except by evidence? The circumstances of all cases are not alike; on the contrary, it is seldom that the circumstances of any two cases are alike. If the damages are to be assessed without proofs, it may result in as many standards of compensation being resorted to as there are members of the jury.

I think the judgment should be reversed, as to that part awarding damages to respondent, Mina Hepp Weeks.

Budge, J., concurs in conclusion.

GIVENS, C.J., concurring in part and dissenting in part.

The words "heirs and personal representatives" in Sec. 5-311, I. C. A., undoubtedly include children and other relationships. The statute, however, contemplates but one cause of action in favor of all the heirs or personal representatives, though it may be shown that some are entitled to a greater proportion of the award than others. In the absence of such showing, while there may be a suit inter sese to determine the proportion, ordinarily the recovery is

for all and the division left to the settlement between the heirs aliunde the main action for damages, either amicably or by litigation. (*Robinson v. Western States Gas Co.,* 184 Cal. 401, 194 Pac. 39; *Cate v. Fresno Traction Co.,* (Cal.) 291 Pac. 215, 295 Pac. 98; *Rose v. San Diego Electric Ry. Co.,* 133 Cal. App. 646, 24 Pac. (2d) 838; *Rickards v. Noonan,* 40 Cal. App. (2d) 266, 104 Pac. (2d) 839; *Watkins v. Nutting,* 17 Cal. (2d) 490, 110 Pac. (2d) 384. Cases to the contrary are *Texas & N.O.R. Co. v. Scarborough,* (Tex.) 104 S. W. 408; *Illinois Cent. R. Co. v. O'Neill,* 177 Fed. 328.)

Under these circumstances, it seems to me that there has been absolutely no showing why the daughter should receive the separate award of $1500 over and above that made to the surviving husband. In none of the previous Idaho cases was this question present, that is, the right of the heirs or personal representatives to set up individual and separate claims. It seems to me that the California cases, supra, under a statute similar to ours, clearly indicate that to sustain any such proposition there must be supporting evidence, and there was none herein. I therefore concur in sustaining the judgment as to the surviving husband but dissent from sustaining it as to the daughter without indicating that she may not participate in the recovery obtained by her father, since the same, in the absence of any contrary showing, would be for the benefit of all the heirs and representatives who participated as plaintiffs. (*Gilmore v. Los Angeles Ry. Corp.,* 211 Cal. 192, 295 Pac. 41.)

This opinion was written and agreed upon prior to the death of Morgan, J., on October 16, 1942.