206 P.2d 539

**GARDNER et al. v. HOBBS.**

**No. 7469.**

Supreme Court of Idaho.

May 16, 1949.

290

T. Harold Lee, Rigby, for respondent.

W. Lloyd Adams, Mary Smith, Rexburg, Anderson & Thomas, Boise, for appellant.

PORTER, Justice.

Morris R. Gardner and Keith William Gardner were brothers. On December 24, 1946, they were living with their parents on a farm near Sugar City, Idaho. Morris was 21 years and Keith was 19 years of age. Sometime after supper .they left their home in a 1937 Ford automobile, owned and driven by Morris. Apparently, Keith stopped at Teton and spent the evening in the company of a third brother, Evan Gardner. Morris drove on to St. Anthony. He attended a dance with a Miss Vera Johnson. About midnight Evan and Keith drove to St. Anthony in Evan's car in order that Keith might find his brother, Morris, and catch a ride back to the Gardner home. They found Morris and Miss Johnson in St. Anthony. About three o'clock in the morning after taking Miss Johnson to her residence, Morris and Keith started for home with Morris doing the driving.

On December 24, 1946, the appellant, Harold Hobbs, was living with his parents in St. Anthony. About eleven o'clock P.M. he left his parents' home in his mother's Chevrolet automobile and drove down town. There he met his wife whom he had not seen for about one year. She got in the car and they drove around, finally going to Rexburg in search of a place to eat. Shortly before three o'clock A.M., they started back to St. Anthony.

The Gardner car traveling south on U.S. Highway No. 191, met the Hobbs car traveling north at a point just north of the boundary line of Fremont and Madison Counties. A collision occurred. The dirt, glass and other debris, and marks on the pavement were all on the west side of the center line of the highway in the lane of the Gardner car. Both the Gardner boys were fatally injured. Morris died at the scene of the accident and Keith died later in the day at the hospital in St. Anthony.

Vernon Gardner, the father of the Gardner boys, died on the 22nd day of August, 1947. Thereafter, on September 23, 1947, the respondent herein filed this action as sole heir of Morris R. Gardner, deceased, and mother of Keith William Gardner, deceased, for the wrongful death of her sons. By her complaint, the respondent alleged that the accident was the result of the negligence of the appellant. By his answer, the appellant denied any negligence on his part and for an affirmative defense, alleged that the collision occurred and was proximately caused by the negligence of the deceased brothers in the operation of the Gardner automobile. On the issues thus formed, a trial was duly held in Fremont County commencing on February 18, 1948. The jury brought in a verdict in the sum of $7,000 against the appellant and judgment was duly entered thereon in favor of the respondent. The appellant moved for judgment notwithstanding the verdict, and moved for a new trial. Both motions were by the trial court, denied. The appellant has duly

292

appealed to this court from the judgment and from the orders denying defendant's motion for judgment notwithstanding the verdict and denying defendant's motion for a new trial.

 By assignment of error No. 1, the appellant challenges the trial court's instruction No. 3. This instruction includes practically a copy of Section 48-504, I.C.A., as it was prior to amendment in 1947, Laws 1947, c. 183. This section fixes the speed limits applicable under various conditions in driving an automobile on the public highway. The instruction sets out not only the appropriate speed limits involved in the case, but other speed limits not in issue such as, the speed limit when approaching within fifty feet of a grade crossing of any steam, electric or street railway when the driver's view is obstructed; the speed limit when passing a school during recess or while children are going to or leaving school; the speed limit when passing through an intersection with the driver's view obstructed; the speed limit within a business district and the speed limit within a residential district. It must be conceded that it was error for the court to instruct as to these speed limits not involved under the issues made by the pleadings and proof in this case. However, the appellant has not pointed out how the appellant suffered any substantial injury by the giving of such instruction. In Asumendi v. Ferguson, 57 Idaho 450, 65 P.2d 713, where a similar instruction was given setting out speed

limits not involved under the issues, 57 Idaho on page 462, 65 P.2d at page 718, this court said:

"Only instructions which are pertinent to the pleading and the evidence should be given, but where it appears that the giving of the instruction did not result in any substantial injury, though not founded on the issues, the cause will not be reversed. Stinson v. Rourke, 4 Idaho 765, 46 P. 445; Golden v. Spokane etc. R.R. Co., 20 Idaho 526, 118 P. 1076; Brown v. Feeler, 35 Idaho 57, 204 P. 659; Packard v. O'Neil, 45 Idaho 427, 262 P. 881, 56 A.L.R. 317; Faris v. Burroughs Adding Machine Co., supra [48 Idaho 310, 282 P. 72]."

It appears from the facts in this case that instruction No. 3, while erroneous, did not tend to mislead the jury or to change the results of the case to the prejudice of the appellant. The giving of same did not constitute reversible error. 3 Am. Jur. 630, Section 1103; Lewis v. Miller, 119 Neb. 765, 230 N.W. 769, 70 A.L.R. 532.

 By assignment of error No. 2 the appellant complains that by instruction No. 10 (erroneously referred to as No. 11) the court took from the jury the right to determine whether or not Keith Gardner and Morris Gardner were engaged in a joint enterprise by reason of which the negligence, if any, of Morris might be imputed to Keith. Instruction No. 10 reads as follows:

"The plaintiff's claim for damages which she alleges she has sustained as a result of the death of Kieth William Gardner is not affected by the question of negligence or contributory negligence on the part of the driver, Morris R. Gardner. There is no evidence in the case upon which any negligence on the part of the driver, Morris R. Gardner, (if you find he was negligent) could be imputed to Kieth William Gardner."

The appellant does not contest the rule that the negligence of the driver of an automobile generally is not imputed to a passenger. Likewise, the respondent appears not to contest the general rule that the driver's negligence or contributory negligence is imputable to a passenger when they are engaged in a joint enterprise. In Griffin v. Clark, 55 Idaho 364, on page 375, 42 P.2d 297, 302, this court defined a joint enterprise as follows:

"The general rule appears to be that in order to constitute a joint enterprise with relation to the operation of an automobile there must be a joint interest or community of interest in the purpose of the undertaking, and an equal right, express or implied, to exercise some control over the conduct of each other in respect thereto." (Citing cases.)

A careful examination of the evidence discloses no facts to show the existence of a joint enterprise other than that Keith Gardner was riding as a passenger in the car owned and driven by Morris Gardner to their common destination, that is, their home. There is no evidence that Keith Gardner undertook to exercise, or had a right, express or implied, to exercise some control over the conduct of Morris Gardner in respect to the operation of the automobile. The evidence was insufficient as a matter of law to show a joint enterprise. Parker v. Ullom, 84 Colo. 433, 271 P. 187.

It was not error for the court under the evidence, to instruct the jury that any negligence or contributory negligence of Morris Gardner, the driver of the car, could not be imputed to Keith Gardner, the passenger. Magee v. Hargrove Motor Co., 50 Idaho 442, 296 P. 774; Nelson v. Inland Motor Freight Co., 60 Idaho 443, 92 P.2d 790.

By assignment of error No. 3, the appellant attacks the trial court's instruction No. 13. Such instruction details the elements of damage which the jury might consider in the event its verdict was for plaintiff. This action was brought under the provisions of Sections 5-310 and 5-311, I.C.A., wherein it is provided that "such damages may be given as under all the circumstances of the case may be just."

In Anderson v. Great Northern Ry. Co., 15 Idaho 513, 99 P. 91, 92, this court approved an instruction given in this type of case wherein the jury was told that it might consider "the degree of intimacy existing between the father and the child,

and the loss of companionship, if such be shown."

In Kelly v. Lemhi Irr. & Orchard Co., Ltd., 30 Idaho 778, 168 P. 1076, this court departed from what it stated was the rule in California under similar statutes, namely, that recovery is limited to pecuniary injury, that is, an injury directly causing financial loss, and approved recovery for loss of society and companionship.

In Wyland v. Twin Falls Canal Co., 48 Idaho 789, 285 P. 676, our court pointed out that under similar death statutes, California courts have held that damages may be allowed for loss of "companionship," "protection," "bodily care," "intellectual care," or "moral training" providing it sufficiently appears that pecuniary damages resulted from such loss. The court then noted that California limits recovery to pecuniary damages; and stated that in the case under consideration it was unnecessary to determine whether under our statute, recovery is limited to "pecuniary damages."

In Butler v. Townend, 50 Idaho 542, 298 P. 375, this court recognized that the jury might take into consideration the pecuniary loss suffered by the parents and in addition, the loss of companionship resulting from the death of their daughter.

In McCoy v. Krengel, 52 Idaho 626, 17 P.2d 547, in an action for the wrongful death of a husband and father, this court approved an instruction telling the jury that it might consider both the loss of a legal obligation and of a moral one.

In Hepp v. Ader, 64 Idaho 240, 130 P.2d 859, 862, a husband and daughter brought an action for the wrongful death of the wife and mother. The wife had been an invalid for 25 years and it was apparent that the husband suffered no financial loss by reason of her death. The court affirmed a judgment in favor of the husband based solely upon deprivation of "companionship," "society," "comfort," "love" and "affection" of the deceased. Among other things the court said:

"It is not necessary, in this state, for a husband or wife, in order to recover for the death of the other, caused by wrongful act or negligence, to plead or prove damages arising from loss of services, food, clothing, shelter or anything else which may be measured in dollars and cents. The same rule applies in cases where a parent sues for the death of a child or the child for the death of a parent. Pecuniary loss, in cases of this kind, will be presumed upon proof of death, caused by the wrongful act or negligence of the defendant, and the relationship of husband and wife, or parent and child, existing between the plaintiff and the deceased. (Citing authorities.)"

In the instant case the respondent testified at the trial. From observing her the jury could approximately determine her age and estimate her life expectancy. It is evident that her life expectancy was

shorter than that of her sons. Mortality tables might have been introduced but their introduction was not indispensable. Butler v. Townend, supra.

It would unduly burden this opinion to set out at length the trial court's instruction No. 13; or to enumerate appellant's objections to same. However, a careful comparison of the instruction with the principles enunciated in the above authorities, leads to the conclusion that such instruction was in accord with such principles.

 Doctor Carl D. Lusty was called as a witness on behalf of the defendant. After testifying that he was called to treat Keith Gardner at the hospital on the morning of December 25, 1946, he was asked the following question: "Q. And just state to the court what he—did he vomit—or what his action was." Objection was made on the ground that the question was leading and privileged. The question was thereupon withdrawn and this question was asked: "Q. What did Keith do, if anything, after he got to the hospital?" Objection was again made on the ground of privilege. Before ruling upon the objection, the court asked the following questions and received the following answers:

"Q. You understand, Doctor, that the question requires you to state what you observed? A. Yes.

"Q. The question now that I desire to ask you is whether you made such observations, as are inquired about, for the purpose of enabling you to treat the patient and to take care of him medically? A. Physical examination and necessary immediate surgery, minor surgery.

"Q. Well, what I want to get at, your purpose in making the examination, to give you the knowledge or information that you are asked about, was to enable you to treat the patient? A. That's correct."

After some further proceedings the court sustained the objection to the original question.

By his assignment of error No. 4, the appellant complains of the above ruling of the trial court on the ground that the ruling was premature and that the information sought to be elicited was not privileged under the statute. Section 16-203, I.C.A., par. 4, reads as follows:

"A physician or surgeon can not, without the consent of his patient, be examined in a civil action as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient."

The information sought to be shown by the testimony of Doctor Lusty was obtained by him while the relationship of physician and patient existed and by virtue thereof and was a part of the information necessary for him to diagnose and to treat the patient. The information thus obtained was privileged under the statute. Jones

v. City of Caldwell, 23 Idaho 467, 130 P. 995; Brayman v. Russell & Pugh Lumber Co., 31 Idaho 140, 169 P. 932; Fritcher v. Kelley, 34 Idaho 471, 201 P. 1037; Nelson v. Johnson, 41 Idaho 697, 243 P. 647.

■ By assignment of error No. 5, the appellant complains of the court's action in permitting Sheriff J. Harold Matson to testify concerning certain measurements taken at the scene of the accident. It appears from the record that the sheriff and the State Traffic Officer, Alvin L. Misseldine, collaborated in making the measurements and that Misseldine made the notes. About two days later the sheriff took these measurements from Misseldine's notes and placed the same in his own book. He was allowed to refer to these notes to refresh his memory in giving his testimony. Appellant's objection seems to be answered by the provisions of Section 16-1204, I.C.A., which reads in part as follows:

"A witness is allowed to refresh his memory respecting a fact, by anything written by himself, or under his direction, at the time when the fact occurred or immediately thereafter, or at any other time when the fact was fresh in his memory, and he knew that the same was correctly stated in the writing. * * *"

■ By assignment of error No. 6, appellant contends that the court erred in overruling the objection to the testimony of the witnesses, Misseldine and Matson, with reference to the place or point of impact for the reason that the place or point of impact was a question of fact to be determined by the jury. An examination of the record discloses that counsel for both parties in their examinations used the term "point of impact". Counsel for appellant had the witness, Misseldine, state where the point of impact was and mark it upon the map of the appellant offered as an exhibit in the case. If any error was committed, it was attributable to both parties and appellant is not in a position to complain.

■ By assignments of error Nos. 7, 8 and 9, the appellant urges that the court erred in denying the motion for a new trial, the motion for directed verdict and the motion for judgment notwithstanding the verdict; for the reason that the evidence was insufficient to justify the verdict, the damages were excessive and were the result of passion and prejudice. An examination of the record discloses that the evidence was sufficient to sustain a verdict and judgment in respondent's favor. There is nothing in the record to suggest that the verdict was the result of passion or prejudice; and we cannot say that damages in the sum of $7000 awarded to the mother for the wrongful death of her two sons, is excessive. In Hepp v. Ader, supra, we said:

"Fixing amount of damages to be awarded, in a case involving death by wrongful act or negligence, is the duty and responsibility of the jury. The rule is too well established to require the citation of authority, that an appellate court should never in-

terfere with the verdict of a jury because of the amount of the award, except in cases where abuse of discretion is clearly apparent. In this case we find no evidence of abuse of discretion, nor is there anything in the record which suggests that the verdicts were given under the influence of passion or prejudice."

See also, Butler v. Townend, supra; Willi v. Schaefer Hitchcock Co., 53 Idaho 367, 25 P.2d 167.

No reversible error appearing in the record, the judgment of the trial court is affirmed. Costs awarded to respondent.

HOLDEN, C. J., GIVENS and KEETON, JJ., and LOWE, District Judge, concur.