220 P.2d 682

CHECKETTS et ux. v. BOWMAN.

No. 7531.

Supreme Court of Idaho.

July 11, 1950.

O. R. Baum and Ben Peterson, Pocatello, for appellant.

B. W. Davis and L. F. Racine, Jr., Pocatello, for respondents.

TAYLOR, Justice.

Plaintiffs brought this action to recover damages for the death of their son Gary (then in his ninth year) killed in a collision with a gas truck, driven by defendant Bowman. The truck was owned by, and being operated in the business of, the Covey Gas & Oil Co. The deceased had alighted from a school bus, which had stopped on the far side of the highway opposite his home, and, as he attempted to cross the highway, he was struck by the truck. The jury returned a verdict against the defendants for $40,-000.00. Defendants filed notice of intention and motion for new trial, alleging numerous errors and irregularities at the trial. In its order granting a new trial the court

expressly stated that it was granted upon the ground that the verdict "is unreasonably excessive", and it expressly denied the motion on the other grounds stated in the motion. Subsequent to this order the action was dismissed as against the Covey Gas & Oil Co. on plaintiffs' motion. The defendant Bowman appealed from that portion of the order which denied the motion on all grounds other than the·excessiveness of the verdict. Plaintiffs then appealed from that portion of the order granting a new trial on the ground of excessive verdict.

We have carefully examined the issues raised by defendant-appellant's assignments, and find no error on the part of the court in denying the motion for new trial on any of the grounds as to which it was denied. Therefore, further consideration of these assignments would not clarify or settle any issue likely to arise on a new trial, or serve any other useful purpose.

This brings us to a consideration of plaintiffs' appeal from that portion of the order granting a new trial on the ground that the verdict "is unreasonably excessive."

■ Under the statute, "such damages may be given as under all the circumstances of the case may be just." 5-311, I.C. Elements entering into the determination of such damages include: contributions which the parents might reasonably have expected to receive from the earnings of the deceased during his minority; and comfort, society and companionship deceased would have afforded to them had he lived. Golden v. Spokane & I. E. R. Co., 20 Idaho 526, 118 P. 1076. Grief and anguish are not to be considered. Hepp v. Ader, 64 Idaho 240, 130 P.2d 859. The pecuniary loss need not be established by the proof in dollars and cents. A substantial loss will be presumed. Golden v. Spokane & I. E. R. Co., supra; Hepp v. Ader, supra. This is in accord with the weight of authority. Anno. 149 L.R.A. 234-271. Some courts have broadened the base of allowable recovery to include loss of prospective comfort, care, protection and assistance during the common life expectancy of the parent and child. American R. Co. of Porto Rico v. Santiago, 1 Cir., 9 F. 2d 753; Tyson v. Romey, 88 Cal.App.2d 752, 199 P.2d 721; Hunton v. California Portland Cement Co., 64 Cal.App.2d 876, 149 P.2d 471, 150 P.2d 221.

■ We assume for the purpose of the question before us that the more liberal rule as to recoverable elements of damage is applicable here. But even when so measured the verdict in this case must be considered excessive. Geist v. Moore, 58 Idaho 149, 70 P.2d 403; Hunton v. California Portland Cement Co., 64 Cal.App.2d 876, 149 P.2d 471, 150 P.2d 221; Anno. 48 A.L.R. 837-846; McCoy v. Krengel, 52 Idaho 626, 17 P.2d 547; Shaddy v. Daley, 58 Idaho 536, 76 P.2d 279; Manion v. Waybright, 59 Idaho 643, 86 P.2d 181; Lebak v. Nelson, 62 Idaho 96, 107 P.2d 1054; Fuentes v. Tucker, Cal.App., 175 P.2d 867, affirmed 31 Cal.2d 1,

187 P.2d 752; Couch v. Pacific Gas & Electric Co., 80 Cal.App.2d 857, 183 P.2d 91; Christiana v. Rattaro, 81 Cal.App.2d 597, 184 P.2d 682; Gardner v. Hobbs, 69 Idaho 288, 206 P.2d 539; Van Cleave v. Lynch, 109 Utah 149, 166 P.2d 244; Ellis v. Ashton & St. Anthony Power Co., 41 Idaho 106, 238 P. 517; Butler v. Townend, 50 Idaho 542, 298 P. 375. In Tyson v. Romey, 88 Cal.App.2d 752, 199 P.2d 721, 724, decided in 1948, the California court speculated that $18,500.00 "may be the highest award assessed in this state for the death of a five year old child." In 25 C.J.S., Death, § 116, notes 8, 9, and 10, pages 1272 to 1275, and in the cumulative pocket part, cases are collected and classified according to the amount of the award for death of a minor, (8) those held excessive, (9) those in which reductions were justified and (10) those held not excessive. It is noted that the highest award allowed to stand is $20,000.-00.

■ We are mindful of the rule that the amount of damages is primarily for the jury to determine, and that its verdict will not be disturbed except where abuse of its discretion clearly appears. Hepp v. Ader, 64 Idaho 240, 130 P.2d 859; Gardner v. Hobbs, 69 Idaho 288, 206 P.2d 539. When a motion for new trial is made the question is then committed to the discretion of the trial judge, and his decision thereon will not be set aside in the absence of an abuse of that discretion. Hall v. Jensen, 14 Idaho 165, 93 P. 962; Wolfe v. Ridley, 17 Idaho 173, 104 P. 1014, 20 Ann.Cas. 39; Walsh v. Winston Bros. Co., 18 Idaho 768, 111 P. 1090; Say v. Hodgin, 20 Idaho 64, 116 P. 410; Cox v. Cox, 22 Idaho 692, 127 P. 679; McAllister v. Bardsley, 37 Idaho 220, 215 P. 852; Stone v. Matthies, 49 Idaho 277, 287 P. 951; Poston v. Hollar, 64 Idaho 322, 132 P.2d 142; Hall v. Johnson, Idaho, 214 P.2d 467.

■ The remedy for excessive verdicts rests largely with the trial judge, whose duty it is to carefully weigh the evidence and not allow a verdict to stand for a greater amount than the evidence will reasonably justify. Bond v. United Railroads, 159 Cal. 270, 113 P. 366, 48 L.R.A., N.S., 687, Ann.Cas.1912C, 50; Brown v. Boehm, 78 Cal.App.2d 595, 178 P.2d 49; Couch v. Pacific Gas & Electric Co., 80 Cal.App.2d 857, 183 P.2d 91; Tyson v. Romey, 88 Cal.App. 2d 752, 199 P.2d 721. In exercising this prerogative the judge is not allowed to substitute his opinion for that of the jury. He should act to reduce the verdict or grant a new trial only in cases where it is clearly excessive and unsupported by the evidence.

■ In this case we think the trial court was correct in finding the verdict excessive. However, in a case such as this, where no other ground for new trial is found than that the evidence does not support the amount of the verdict, and it does not appear to the trial judge that the amount was influenced by passion or prejudice, or other irregularity, which may be avoided on a

468

new trial, then he should go further and condition the new trial on a refusal of the prevailing party to remit that part of the verdict which in his judgment is excessive. New trials necessarily occasion delay, hardship and expense to the parties. No harm can arise from affording an opportunity to the plaintiff to avoid a new trial and obtain an immediate judgment for the lesser amount.

While the trial judge is in a better position to determine these questions than is the appellate court, where he has not acted in a proper case, this court will. Kinzell v. Chicago, M. & St. P. R. Co., 33 Idaho 1, 190 P. 255; Roy v. Oregon Short Line R. R. Co., 55 Idaho 404, 42 P.2d 476; Summerfield v. Pringle, 65 Idaho 300, 144 P.2d 214.

Accordingly the cause is remanded with directions to the district court to vacate the order granting a new trial and to enter judgment on the verdict for plaintiffs in the sum of $20,000.00, if within 30 days of the filing of the remittitur in that court the plaintiffs file a written consent to the reduction of the verdict and acceptance of judgment in the amount of $20,000.00, and in event of plaintiffs' failure to file such consent to give full effect to the order for a new trial.

Costs to the plaintiffs-cross-appellants.

HOLDEN, C. J., and GIVENS, PORTER and KEETON, JJ., concur.