### COVEY GAS & OIL CO. v. CHECKETTS et ux.

#### No. 12398.

United States Court of Appeals Ninth Circuit.

Feb. 26, 1951.

---

---

O. R. Baum, Ben Peterson and Darwin D. Brown, all of Pocatello, Idaho, for appellant.

B. W. Davis and L. F. Racine, Jr., Pocatello, Idaho, for appellees.

Before DENMAN, Chief Judge, and STEPHENS and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment, rendered on a jury verdict, allowing appellees to recover $35,407.50 damages for the negligently caused death of their eight year old son. A motion for a new trial on the ground, inter alia, that the verdict was excessive was denied. The child was struck and killed by a gasoline truck owned by appellant and driven by its employee, one Bowman. The action is based upon the Idaho wrongful death statute applicable to the death of minors, 2 Idaho Code, § 5–310. Jurisdiction of the district court was based on diversity of citizenship.

■ Appellant's statement of points to be urged on appeal complains of the failure to give two requested instructions bearing on the question of negligence. No mention of these points is made in appellant's briefs, and we consider them abandoned. It follows that, for purposes of this appeal, it is established that the child's death was caused by the negligence of appellant's servant and that appellant is responsible for the conduct of the servant.

■ Appellant's only contention warranting discussion is that the jury's finding of damages of $35,407.50 is not supported by the evidence and that the amount is grossly excessive of what was proved. This presents the question of law whether the finding of the amount of damages in the jury's verdict is supported by the evidence. We have held that this appellate court has the power to entertain this contention in Department of Water & Power v. Anderson, 9 Cir., 95 F.2d 577, 586, a diversity suit, and in Cobb v. Lepisto, 9 Cir., 6 F.2d 128, 129.[1] This is also the law of the State of Idaho. Checketts v. Bowman, 70 Idaho 463, 220 P.2d 682, 684.

■ Recovery for damages from death by such negligence did not exist in the common law at the time of the adoption of the Constitution of the United States. It was subsequently created by the Idaho legislature and, for the death of a child, is now provided for in 2 Idaho Code, § 5–310: "Action for injury to child.—The parents may maintain an action for the injury or death of a minor child, and a guardian for the injury or death of his ward, when such injury or death is caused by the wrongful act or neglect of another, but if either the father or mother be dead or has abandoned his or her family, the other is entitled to sue alone. Such action may be maintained against the person causing the injury or death, or if such person be employed by another person, who is responsible for his conduct, also against such other person."

The decisions cited above make it unnecessary to consider the contention, of appealing cogency, that a jury-tried diversity suit based on a liability created by a state statute and not existing at common law is not a "suits at common law," as that term is used in the Seventh Amendment.

---

1. Cf. Southern Pacific Co. v. Guthrie, 9 Cir., 186 F.2d 926.

That contention involves the question of the effect of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, overruling the principles of Story's opinion in Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865, on such decisions as that in Story's opinion in Parsons v. Bedford, 3 Pet. 433, 7 L.Ed. 732, and those following it.

This is a clear case of what is aptly called "forum shopping." [2] The identical case was brought in the state District Court of Idaho against the appellant and its employee Bowman, the truck's driver. A verdict for $40,000 was rendered against both defendants, which the trial judge set aside on the sole ground that it was excessive, and a new trial was ordered. The plaintiffs then dismissed the suit as to the appellant and brought the instant suit against it in the United States District Court, apparently seeking the decision of a judge who would sustain a larger award than the state judge.

On the appeal in the Idaho suit, Checketts v. Bowman, 70 Idaho 463, 220 P.2d 682, 684,[3] the state supreme court upheld the trial court's decision that the damages awarded were excessive but gave the plaintiffs the choice of a remittitur of the verdict's amount to $20,000 as an alternative to the granting of a new trial. The opinion, at page 684, 220 P.2d states the rule in Idaho to be:

"In this case we think the trial court was correct in finding the verdict excessive. However, in a case such as this, where no other ground for new trial is found than that the evidence does not support the amount of the verdict, and it does not appear to the trial judge that the amount was influenced by passion or prejudice, or other irregularity, which may be avoided on a new trial, then he should go further and condition the new trial on a refusal of the prevailing party to remit that part of the verdict which in his judgment is excessive. New trials necessarily occasion delay, hardship and expense to the parties. No harm can arise from affording an opportunity to the plaintiff to avoid a new trial and obtain an immediate judgment for the lesser amount.

"While the trial judge is in a better position to determine these questions than is the appellate court, where he has not acted in a proper case, this court will. Kinzell v. Chicago, M. & St. P. R. Co., 33 Idaho 1, 190 P. 255; Roy v. Oregon Short Line R. R. Co., 55 Idaho 404, 42 P.2d 476; Summerfield v. Pringle, 65 Idaho 300, 144 P.2d 214."

The evidence in the instant case leads us to the same conclusion as that reached by the Idaho Supreme Court in the Bowman case, supra, that a verdict of over $20,000 is excessive. The excess of $15,407.50, or over 75%, is gross, and we think that the adjective "monstrous," [4] as used by the Supreme Court, is applicable to American justice if it compel a defendant to pay such a gross excess which it does not owe.

Following the language of the Idaho Supreme Court, the cause is remanded with directions to the district court to enter judgment on the verdict for plaintiffs in the sum of $20,000, if within 30 days of the filing of the remittitur in that court the plaintiffs file a written consent to the reduction of the verdict and acceptance of judgment in the amount of $20,000, or in event of plaintiffs' failure to file such consent, to order a new trial. The appellant is awarded its costs.

2. Horowitz, Erie R. R. Co. v. Tompkins—A Test to Determine Those Rules of State Law to Which Its Doctrine Applies, 23 So.Calif.L.Rev. 204, 215.

3. Decided after the order denying a new trial in the instant case.

4. Cf. Affolder v. New York, Chicago & St. L. R. Co., 339 U.S. 96, 101, 70 S.Ct. 509, 94 L.Ed. 683.